Houck, J.
This case is before us on an appeal from the common pleas court of Muskingum county.
The suit is one for injunction against the defendant, the plaintiff claiming that defendant is seeking to and will obstruct his free use and that of the public in and to a certain alley or driveway lying between the lots of plaintiff and defendant. The pleadings raise the following issues of fact:
The plaintiff brought suit to procure an injunction against the defendant and to prevent defendant from building a stairway on the north side of the defendant’s building on lot No. 6 in the I. N. McCoy addition to the village of East Fultonham, in Muskingum county, Ohio. The plaintiff owns a *82 part of the south side of lot No. 5, to-wit, 26 feet wide by 85 feet long, and has a business building thereon which entirely covers his holding.
The plaintiff claims in his petition that there is an alley or right of way on the south side of his building and along the north side of defendant’s building on and over lot No. 6, and asks that defendant be restrained from building a stairway in the strip of ground between the building of the defendant located on lot No. 6 and the building of the plaintiff, the strip of ground in question being about nine feet wide and extending in length along the entire north side of lot No. 6.
The defendant by his answer denies the existence of an alley or right of way between lots No. 5 and No. 6, and in his cross-petition says that he is the owner of all of lot No. 6, and asks that his title be quieted against the claim of the plaintiff.
The plaintiff in his answer to the cross-petition avers that for more than twenty-one years last past, plaintiff and his predecessors in title, and the public, have used, without let or hindrance, the strip of ground in question, and that they have had the open and uninterrupted use of same as a road or driveway during all of the twenty-one year period and more.
The cause was submitted on the pleadings and the evidence, the latter being in the form of a typewritten transcript of the testimony taken in the trial in the common pleas court, supplemented by oral testimony taken in this court.
We have read all the transcript testimony and combining it with the oral proof have analyzed and carefully weighed it.
The solution of the question presented embraces *83 but a single question of fact, viz: Did the plaintiff, and his predecessors in title, and the public, or any of them, have a prescriptive right over the strip of land involved in this suit?
In the light of the proven and conceded facts and the well-known principles of law governing them, we must and do answer this question in the negative.
The plaintiff has failed in fact and law to sustain the claims made in his petition and the affirmative allegations of fact set forth in his answer to the cross-petition of defendant.
It was necessary for plaintiff to establish the following facts by that degree of proof required by law, in order to maintain his alleged prescriptive right or easement in the tract of land in controversy :
(a) Continued and uninterrupted use or enjoyment of the premises for a period of at least twenty-one years.
(b) A certain and definite road traveled.
(c) A claim of right and of such a nature and character as to be adverse to the owner of the soil, which must be known to and acquiesced in by such owner.
There is an utter failure in the proof to establish these facts or either of them.
The evidence fails to show/ that the claimed right, of way was open and visible to the owner or owners of the servient estate for a period of twenty-one years; and there are no facts or circumstances that warrant us in finding that there has been such a continuous use of the strip of ground, for the time required by law, as to charge such servient owner or *84 owners with, constructive notice, or such knowledge of use as would charge them with same.
We think that counsel will concede that where an owner of land and those from whom he obtained title have had the free use for more than twenty-one years, without let or hindrance, over and upon a certain well-defined strip of ground of adjoining lands to a public street or highway, such use constitutes an easement in and a right of way over such strip of ground.
The evidence in the present case is that during the past twenty-one years, and for a period of more than seven years, a building stood on and over such alleged right of way; that on many occasions, and for weeks at a time, the owners of the servient estate would and did use such strip of ground for their own personal benefit and to the exclusion of all others; that they placed posts and fencing across it, which remained there for weeks, and no one made complaint by reason thereof; that the owners of the servient estate used such strip as a means of getting to and from the store-room located on lot No. 6 and on the south side of the right of way in question, and left their horses and wagons on such strip of land at will and for such time as they desired to do so.
Measuring these facts by the rule of law just laid down, we must and do find that the plaintiff is not entitled to the relief sought in his petition.
We cite the law as laid down in the following authorities and cases, which being applied to the facts in the instant suit, are decisive of the issues herein in favor of the defendant:
“In order, however, that the enjoyment of an easement in another’s land may be conclusive of the *85 right, it must have been adverse, that is, under a claim of title, with the knowledge and acquiescence of the owner of the land, and uninterrupted; and the burden of proving this is on the party claiming the easement.” 2 Greenleaf on Evidence (16 ed.), Section 539.
“When one who is the owner of a tract of land uses a way over the land of another for the convenience of egress and regress to his own land, without let or hindrance and without obstruction for the period of twenty-one years, he thereby, in the absence of anything to the contrary, acquires a right by prescription to its use as an incident to his land; and the right will pass by a conveyance or descent of the land.” Pavey v. Vance, 56 Ohio State, 162, second paragraph of syllabus.
“Title by prescription to a public street can be shown only by adverse user by the public, under a claim of right, and uninterrupted for twenty-one years.” Railroad Co. v. Village of Roseville, 76 Ohio State, 108, fourth paragraph of syllabus.
We have carefully considered all of the facts presented in this law suit, and have examined all of the authorities referred to in the briefs of counsel, and we are fully satisfied that the proven facts fall far short of making out a case for the plaintiff.
It follows that the petition of plaintiff must be and hereby is dismissed, the injunction is dissolved, a judgment is entered for defendant as prayed for in the cross-petition, and his title is quieted in and to the land involved in this action.

Judgment for defendant.

Shields and Patterson, JJ., concur.