## SKINNER v MILLER, etc et

Ohio Appeals, 2nd Dist, Preble Co

No 80.  Decided June 20, 1933

P. A. Saylor, Eaton, and S. E. Mote, Greenville, for plaintiff and for defendant, Anna M. Miller.

Wilbur D. Spidel, F. C. Shuey, Camden, Hugh R. Gilmore, Eaton, for Ray Brown, Trustee in Bankruptcy for Garnet M. Howell.

## OPINION

By HORNBECK, PJ,

It is true that the delivery of this deed must be shown by clear and convincing evidence. The record, in our judgment, provides the requisite proof. Without quoting the testimony it is but a natural and proper inference that when the parties went to the office of Foos & Foos to prepare and execute a deed, without condition, and effectuated that purpose and turned the deed over to Isaac Miller who accepted it with the statement that he would take care of it, that he was acting for and on behalf of the beneficiary of the deed, Anna M. Miller. He could have been acting for no one else upon the facts appearing. Garnet Howell and her husband, according to their testimony, undertook to retain no interest whatever in the property which they had conveyed by the deed and Isaac Miller could serve no purpose on their behalf in taking over the instrument. They rented the farm from Mrs. Miller and settled with her as landlord and she at all times without objection from her children exercised dominion over the land and took and applied the proceeds therefrom. We are convinced that without some affirmative proof which would tend in some manner to weaken or discredit the undisputed testimony of the makers of the deed of September 1, 1915, and the grantee of that deed, we are required to say that the deed was made and delivered as contended by all parties who testified on the subject.

Counsel for the trustee cite **Gillmore et v Fitzgerald, 26 Oh St 171**, the syllabus of which is:

"Where parol evidence is relied on to prove a deed alleged to have been lost, such evidence must clearly and satisfactorily show the existence and execution of the supposed deed, and so much of its contents as will enable the court to determine the character of the instrument."

It is urged that the consideration of the deed in question does not appear. This is true but it is immaterial to the validity of the instrument that the consideration whether love and affection or valuable be shown as either is sufficient and from the circumstances both might have been recited as the consideration. Clearly the material contents of the deed are projected from the record. The fact that Mr. S. B. Foos establishes by his cash book and diary that the deed was made, together with the testimony of those present at the time of its execution, sufficiently establishes the identity of the grantor, the grantee, the real estate to be conveyed and the proper execution and delivery leaving but one question which we have heretofore discussed, namely: In what capacity Isaac Miller accepted the deed. The early cases of **Lessee of Allen v Parish, 3 O., 107, and Lessee of Blackburn v Blackburn, 8 O., 81**, discuss the essential elements of proof to establish title under a lost deed. The Blackburn case approved of the acceptance of evidence showing all circumstances surrounding the delivery of the deed which thereafter was claimed to be lost. The court indicated that the question of the proof of the contents, execution, acknowledgment and delivery of the deed claimed to have been lost was one of fact and could be determined by the triers of the fact. In the Blackburn case copies of deeds like unto the lost deed were produced but, of course, this is not necessary if the material elements of the deed sought to be established are proven by proper evidence.

There is not that certainty of the execution and delivery of the deed of the son, Roy O. Miller in 1920, because of his statement that he received the deed by registered mail from Isaac Miller and returned it to him by registered mail. The statement from the postal authority at Eldorado is convincing that the registered letter, concerning which Roy O. Miller testifies, was not mailed from Eldorado and that no registered letter was received by Isaac Miller from Roy O. Miller at Eldorado.

Of course, there is still the possibility of the receipt of the registered letter from some other place than Eldorado. However, the status of the deed from Roy O. Miller to his mother is not so important because it appears that he has at a later date executed and delivered another deed to her and the only controversy in the record is between the trustee in bankruptcy of Garnet Howell and Anna M. Miller.

Being of the opinion that Anna M. Miller has sustained her claim to ownership to that portion of the real estate in question which formerly was owned by Garnet Howell, it follows that the trial court was correct in decreeing her interest to be two-thirds of the real estate and Geneva Skinner's interest to be one-third subject to the dower right of her mother. Judgment for

Anna M. Miller on issue joined between her and Ray M. Brown, trustee in bankruptcy of Garnet M. Howell and for plaintiff for partition as prayed.

KUNKLE and BARNES, JJ, concur.