McINNISH ET AL., APPELLEES, *v.* SIBIT ET AL., APPELLANTS.

(No. 4342—Decided March 4, 1953.)

*Messrs. Meade, Weygandt & Leonard,* for appellees.
*Mr. Sal Germano* and *Mr. James A. Rondy,* for appellants.

HUNSICKER, J. An appeal on questions of law and fact from a judgment of the Court of Common Pleas of Summit County brings this cause before this court for trial *de novo.*

Additional evidence was introduced in this court by way of deposition.

The plaintiffs below, appellees here, McInnish, seek to enjoin the defendants below, appellants here, Sibit, from using a portion of the McInnish property as a driveway. Sibit has a garage on the rear of his lot, and, by using a portion of the McInnish driveway, he is able to get to and from the garage with his automobile.

Sibit admits that the title to the land he uses as a driveway is in McInnish, but he says that he has an easement for driveway purposes as a result of the "open, notorious, hostile, adverse and continuous" use of such land under a claim of right for more than twenty-one years.

This court recently, in an opinion by Judge Doyle in the case of *Manos* v. *Day Cleaners & Dyers, Inc.*, 91 Ohio App., 361, said:

"1. When one uses a driveway over another's land, continuously, without leave, without objection by the owner, with such owner's knowledge and acquiescence, and under a claim of right, while the owner of the servient tenement is under no legal disability to assert his rights or to make a grant, it is adverse, and an uninterrupted use and adverse enjoyment for twenty-one years creates an easement in the land. The owner of the servient estate, to defeat the title in the other, has the burden of proving that the use of the land was under some license, indulgence, neighborly accommodation or special contract, inconsistent with a claim of right by the other party."

An essential element in the establishment of an easement by prescription is proof that the use of the land for the necessary period of time was continuous. The evidence in the instant case leaves much to be desired on that subject. McInnish lives at 144 Fulton Street; Sibit lives next door at 148 Fulton Street. Between the two houses is a strip of land about 15 feet 2 inches in width that has been used as a driveway. Approximately 8 feet 1 inch of this strip belongs to McInnish, and the balance to Sibit.

People by the name of Casey bought 148 Fulton Street in 1922. They lived there several years, then rented to Ollie Copeland and Leon Foster. Casey sold 148 Fulton Street to Adrian Laughlin. Copeland then rented the premises from Laughlin

until the property was sold to Raymond S. Mott in 1934. Copeland then rented from Mott until Mott moved to 148 Fulton Street in 1936. Mott resided in 148 Fulton Street from that time (except for a period of about eight months in 1938) until 1946, when he sold the property to Sibit, who has resided there since that time.

The strip of land between the two houses was used by the Casey family for a driveway during the time they lived at 148 Fulton Street. Copeland and Foster did not use the driveway, although Copeland had an automobile. The Copeland automobile was parked elsewhere, and friends who came to call parked on the street. Mott began using the driveway in 1936, when he moved to 148 Fulton Street, and used it continuously until he sold to Sibit in 1946. Sibit then used the driveway from that time until the present action was commenced.

McInnish says he gave permission to Mott to use the land, but Mott says he never had permission, since he thought it was a "partnership" drive. McInnish also says that, after Sibit had used the drive a few years, he discussed its use with Sibit and permitted it to be used by Sibit. This state of the evidence leaves the question of permissive use in conflict.

Upon whom, then, does the burden of proof rest in the instant case? What degree of proof is necessary to establish the existence of such easement?

The elements necessary to create an easement by prescription are a use of land by the owner of the dominant estate that is "adverse, under claim of right, continuous and uninterrupted, *open* and *notorious*, exclusive, *with the knowledge and acquiescence of the owner of the servient tenement,* and must continue for the full prescriptive period, while the owner of the servient tenement is under no legal disability to assert his rights, or to make a grant." *Pierce* v. *Cherry Valley Farms, Inc.*, 76 Ohio App., 58, at p. 63 (affirmed, 146 Ohio St., 400).

In the case of *First-Central Trust Co.* v. *Lopez*, 37 Ohio Law Abs., 197, this court, in a case wherein the plaintiff sought an injunction to prevent the defendant from interfering with plaintiff's claimed right to use a portion of defendant's land, under an asserted easement by prescription, said:

"There was imposed by law upon the plaintiff the burden of showing that the use and enjoyment of defendant's premises

by it, or its predecessors in title, 'were adverse, under a claim of right, exclusive, continuous, and uninterrupted, besides being within the knowledge and with the acquiescence of the owner of the estate over which the easement is claimed.'

"It was further necessary to show, by the required degree of proof, possession for the length of time prescribed by the statute of limitations for the acquisition of corporeal rights."

We think the law is well settled that the burden of proof rests upon the claimant to an easement by prescription to show the existence of all the elements necessary to establish his right thereto, and when a situation arises such as we found in the *Manos case, supra*, then the owner must dispel the apparent right of the claimant to the use of the lands by showing that such use was inconsistent with a claim of right on the part of the one asserting an easement. *Dutro* v. *McCammon*, 16 Ohio App., 81, at p. 83; *Schaeffer* v. *Clauda*, 1 C. C. (N. S.), 404, at p. 406, 15 C. D., 249.

See also: 17A American Jurisprudence, Easements, Section 73, and cases cited; 28 Corpus Juris Secundum, Easements. Section 68, and cases cited; 1 Thompson on Real Property (Permanent Ed.), Section 435; 4 Tiffany on Law of Real Property (Third Ed.), Section 1196a.

We next consider the degree of proof necessary to establish the existence of an easement by prescription.

This court said in the *Manos case, supra* (at p. 364):

"We adopt the theory of the modern practice that an easement may be acquired based upon the presumption of a grant, made and lost in modern times which a court may find if there is evidence of enjoyment for a sufficient length of time under the circumstances heretofore set forth. * * *"

An examination of the cases in many other jurisdictions discloses the rule to be that the burden is on the one claiming a right of use by prescription to prove it by clear and convincing evidence. Some of the cases use the phrase "by clearest and most satisfactory proof." Others use the phrase "clear and positive proof."

*Hahn* v. *Curtis*, 73 Cal. App. (2d), 382, 166 P. (2d), 611; *Lewis* v. *Farrah*, 65 Ariz., 320, 180 P. (2d), 578; *Allen* v. *First Natl. Bank of Arvada*, 120 Colo., 275, 208 P. (2d), 935; *Wiley* v. *Lamprecht*, 400 Ill., 587, 81 N. E. (2d), 459; 4 Tiffany on Law of

Real Property (Third Ed.), Section 1196a, note 5, and cases there cited; and 28 Corpus Juris Secundum, Easements, Section 70 b, and cases cited.

One Ohio case, *Heller* v. *Hawley*, 8 C. C. (N. S.), 265, 18 C. D., 678, indicates that, in a jury trial of an action wherein title by adverse possession is in issue, the degree of proof is by a preponderance of the evidence. The only indication that we have been able to discover as to the position of the Supreme Court of Ohio concerning the degree of proof in an adverse possession case is in *Hinman* v. *Barnes*, 146 Ohio St., 497, where the court said:

"2. A use of premises permissive in the beginning can be changed to one which is hostile and adverse only by the most unequivocal conduct on the part of the user, and *evidence of adverse possession must be positive and must be strictly construed against the person claiming a prescriptive right to an easement.* * * *" (Italics ours.)

When we examine the authorities with reference to the quantum of proof necessary to establish a lost instrument and its contents, we find the rule to be that the evidence must clearly and satisfactorily show the existence and execution of the supposed deed, and so much of its contents as will enable the court to determine the character of the instrument.

*Slipman* v. *Telschow*, 4 C. C. (N. S.), 635, 14 C. D., 536; *Skinner* v. *Miller*, 16 Ohio Law Abs., 44; *Gillmore* v. *Fitzgerald*, 26 Ohio St., 171; 25 Ohio Jurisprudence, Lost Instruments, Section 19, and cases cited; and 34 American Jurisprudence, Lost Papers and Records, Section 62, and cases cited.

A collation of authorities on the degree or quantum of evidence necessary to establish a lost instrument and its contents may be found in 148 A. L. R., 400 *et seq.* The universal rule in such cases is stated to be that something more than the degree of proof required in an ordinary civil action is necessary in cases involving the proof of the former existence and contents of a lost instrument. The cases set out in 148 A. L. R., 400, use such terms as "clear and certain"; "clear and cogent"; "clear, concise and satisfactory"; and "clear and convincing."

Since, therefore, the theory upon which an easement is based is the "presumption of a grant made and lost in modern times," we determine that, to establish the claim of easement

by prescription, it is necessary for the one claiming the easement to show by clear and convincing evidence all the elements essential to entitle him to the easement he seeks.

In the instant case there has been no clear showing that Sibit and his predecessors in title had used the driveway openly and continuously for the time necessary to entitle Sibit to an easement by prescription.

A consideration of all the evidence in the instant case convinces us that the appellees are entitled to the injunction they seek. A decree may be prepared accordingly.

*Judgment for plaintiffs.*

DOYLE, P. J., and STEVENS, J., concur.