MARTIN ET AL., APPELLANTS, *v.* SHEEHY ET AL., APPELLEES.

(No. 11-206—Decided November 21, 1986.)

*Robert A. Boyd,* for appellants.
*John W. Shryock,* for appellees John J. Sheehy and Deborah Sheehy.
*John J. Hurley, Jr.,* for appellee Thomas Ellis.

CASTLE, J. Plaintiffs-appellants Rudolph A. Martin and Mary A. Martin filed the instant action to establish, as a matter of record, their right to cross a parcel of land owned by defendants-appellees John J. Sheehy and Deborah Sheehy, and formerly owned by defendant-appellee Thomas Ellis. Appellants alleged that they were entitled to recognition of a prescriptive easement and an implied easement across the parcel of land owned by appellees Sheehy and known as 61 South Street in Painesville, Ohio, upon which the Sheehys operate an automobile repair garage known as State Auto Clinic, Inc.

Appellants own and operate an

apartment house which is located generally east of and behind the Sheehy's repair garage. In addition, appellants own another parcel of land which is generally east of and behind their apartment building, upon which sits a house, which is rented, and a garage.

Appellants have access to their apartment building and the rented house via Hillside Drive, which is a dedicated street running in a generally east and west direction between State Street and East Main Street. Appellants assert that an easement by prescription or implication runs through a driveway on appellees' property, which adjoins State Street. In support of this theory, appellants presented witnesses and evidence to illustrate the use of the alleged easement.

Appellants assert that they have only limited access to Hillside Drive by means of a narrow, graded apron to the rear of the apartment building on their property. Appellants state that they were forced to file a complaint when, in January 1984, appellee John Sheehy began piling snow across the State Street driveway, in effect blocking appellants' ingress and egress to their property through that drive. Appellees John and Deborah Sheehy ignored appellants' requests to clear the driveway, and in the spring of 1984, appellees began blocking the State Street driveway with wrecked automobiles.

The matter came on for hearing before the trial court on October 30, 1985. Following the presentation of appellants' evidence on that date, appellees moved for a directed verdict. The next day, the trial court granted appellees' motion. Appellants have filed this timely appeal.

Appellants present the following assignments of error:

"1. The trial court erred to the prejudice of the plaintiffs-appellants when it granted the defendants-appellees' motion for judgment.

"2. The trial court erred to the prejudice of the plaintiffs-appellants when it refused to allow appellants to re-open their case for the purpose of introducing the deposition[s] of the former owner of his property and his wife."

Appellants divide their first assignment of error into three separate issues. Appellants argue, first, that the adverse use by tenants of a parcel of land for purposes of ingress and egress from the demised premises, over an adjoining property owned by a third party, will ripen into an easement if continued for the required length of time; appellants also assert that the time for adverse use may be "tacked" with that of previous owners and tenants for the purpose of establishing the twenty-one year statutory period.

The appellate court in *McInnish* v. *Sibit* (1953), 114 Ohio App. 490, 19 O.O. 2d 476, 183 N.E. 2d 237, set forth the following elements for the finding of an easement by prescription:

"The elements necessary to create an easement by prescription are a use of land by the owner of the dominant estate that is 'adverse, under claim of right, continuous and uninterrupted, *open* and *notorious,* exclusive, *with the knowledge and acquiescence of the owner of the servient tenement,* and must continue for the full prescriptive period, while the owner of the servient tenement is under no legal disability to assert his rights, or to make a grant. * * *' " (Citation omitted; emphasis *sic.*) *Id.* at 492, 19 O.O. 2d at 477, 183 N.E. 2d at 239.

The Supreme Court, in *Pavey* v. *Vance* (1897), 56 Ohio St. 162, 46 N.E. 898, ruled that exclusivity is not a necessary element to establish a prescriptive easement.

After examining the record, we find that appellants' first argument is well-taken because all of the elements

necessary for easement by prescription are evident in this case. Appellants presented evidence, through the testimony of numerous witnesses, that there had been open, adverse, notorious, and continuous use of the disputed driveway from the early 1950s through 1984.

Appellant Rudolph Martin testified that from the date he acquired the property in 1972 through the winter of 1984, he, his tenants, and their guests have made open, adverse, notorious, and continuous use of the driveway in question. Appellants presented the testimony of a number of witnesses to establish that the previous occupants also used the driveway openly, adversely, notoriously, and continuously since before 1963. Construing the evidence most strongly in favor of appellants, we find that appellants have established the requisite twenty-one year period for the finding of an easement, by "tacking" their own time with that of earlier owners and tenants. The trial court, therefore, incorrectly granted appellees' motion for directed verdict.

Appellants argue, in their second issue, that the trial court misunderstood the burdens associated with establishing a prescriptive easement. Appellants' argument is again correct.

The trial court stated that, in this case, the burden was on the plaintiffs-appellants to show that the exercise of the easement was not permissive, and that it was open and notorious. This is clearly a misstatement of Ohio law, as it was set forth by the Ohio Supreme Court:

"Where one uses a way over the land of another without permission as a way incident to his own land and continues to do so with the knowledge of the owner, such use is, of itself, adverse, and evidence of a claim of right. And where the owner of the servient estate claims that the use was permissive, he has the burthen of showing it." *Pavey* v. *Vance, supra,* at paragraph one of the syllabus.

The burden, therefore, was on the appellees to show that the use of the easement was permissive. The trial court misstated the law, and erroneously placed appellants in the position of anticipating appellees' defense.

Appellants argue, in their third issue, that the trial court incorrectly confused an implied easement arising from an existing use with an implied easement for a way of necessity. Appellants' argument is well-taken.

The Supreme Court set forth the elements required to establish an implied easement from an existing use in paragraph one of the syllabus of *Cinski* v. *Wentworth* (1930), 122 Ohio St. 487, 172 N.E. 276:

"* * * (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be *reasonably necessary to the beneficial enjoyment of the land* granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only." (Emphasis added.)

Construing the evidence in this case most strongly in favor of appellants, we find that the appellants established an implied easement from an existing use in this case. As the implied easement in question was from an existing use, the trial court should have found that the easement need only have been reasonably necessary to the beneficial enjoyment of appellants' land. Instead, however, the trial court applied the elements for an implied easement by necessity to this case, requiring a showing of strict necessity to establish the easement. The court stated that:

"The standard is not a minimal standard as the plaintiff presents through his counsel. It's a very heavy burden. And most courts that have spoken to this issue in the State of Ohio require a strict showing of necessity."

This statement of law is inapplicable to the case at bar. The evidence introduced by appellants established that an implied easement from an existing use was present in the case at bar. The evidence established that the parcels of property in question were originally owned by one individual, A. E. Kintner. While he owned both appellants' and appellees' properties, Kintner rented a portion of what is now appellees' property to the Columbia Refining Company under a ten-year lease. In this lease, Kintner reserved the right to cross appellees' property by means of the same easement which is at issue in the case at bar; at that time, the easement was over a concrete driveway. The unity of ownership of the parcels of land was severed ultimately in 1939.

Appellants presented evidence that, prior to the severance of the parcels of land, the use of the easement was of a permanent nature. Various witnesses testified that they used the easement as early as 1929. Furthermore, the existence of the concrete driveway over both appellants' and appellees' properties substantiates the fact that the easement was intended to be permanent.

Appellants presented evidence which established that the easement was reasonably necessary for the beneficial use of appellants' land. Appellant Rudolph Martin testified regarding the hardships endured because of appellees' obstruction of the easement. The evidence clearly demonstrates that the easement is reasonably necessary to the beneficial enjoyment of appellants' property.

Appellants, finally, presented evidence that the easement was continuous as opposed to occasional or temporary. Again, the very fact that the driveway over which the easement runs was constructed of concrete rather than a more temporary material underscores this point.

After considering the evidence most strongly in appellants' favor, we find that reasonable minds could come to different conclusions upon the evidence submitted and that the conclusions would not necessarily be adverse to appellants. We find, therefore, that the trial court incorrectly granted a directed verdict in favor of appellees.

For all of the reasons stated above, appellants' first assignment of error is sustained.

Appellants argue, in their second assignment of error, that the trial court erred to the prejudice of the appellants when it refused to allow appellants to reopen their case to introduce the depositions of the former owner of the property and his wife. Because of the conclusion reached in the first assignment of error, we do not find it necessary to rule on the second assignment of error.

For all of the reasons above, appellants' first assignment of error is sustained and this case is hereby reversed and remanded for a trial on the merits.

*Judgment reversed*
*and cause remanded.*

DONOFRIO, P.J., and FRANKLIN, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, DONOFRIO, J., of the Seventh Appellate District, and FRANKLIN, J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.