DECISION AND JUDGMENT ENTRY
This appeal comes to us from a summary judgment granted by the Erie County Court of Common Pleas in a dispute over the use of a driveway. Because we conclude that material issues of fact remain, we reverse.
Appellant, Susan Fry Brooks, owns property adjacent to property owned by appellees, Sid and Martha Cisco. Both parcels were originally part of one tract of land owned by Ward Brooks, appellant's now deceased husband. In 1972, the parcel now owned by appellees was split off and deeded to Ward's son, Allen C. Brooks. Allen constructed a residence and utilized a driveway which runs between the properties. Allen's widow ultimately sold the property to appellees. It is undisputed that this driveway and the parking area in question are actually situated on appellant's property.
In April 1999, appellees filed suit claiming an easement over appellant's driveway and an additional parking area.[1] In a motion for summary judgment supported by affidavits and other documents, appellees claimed that they have used these areas continuously for twenty-one years, either with or without the present and former owners' permission. Appellees further claimed that the driveway was the only feasible way to deliver water to their residence, and that they have contributed to the maintenance of the driveway.
In response, appellant, also by various affidavits and appropriate documentation, acknowledged that appellees were permitted to utilize the driveway at times. She denied, however, that such use was unlimited or uninterrupted for twenty-one years or that appellees had maintained the driveway in any significant way. According to appellant, the driveway (which did not exist until after the parcel was split and given to Ward's son) was occasionally barricaded to prevent appellees' use. In addition, appellant contended that a house trailer was stored for a period of time on the parking area in question, negating appellees' claim of continued use. Appellant also asserted that appellees' property had another driveway which provided alternate adequate access to the property for any purpose proposed by appellees.
The trial court granted summary judgment in favor of appellees, summarily ruling that they had "an implied easement, an easement by estoppel, an easement by necessity and a prescriptive easement in the parking area * * *."
Appellant now appeals that decision, setting forth the following sole assignment of error:
 "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF-APPELLEE [SIC] HEREIN."
The standard of review for summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that "the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
A party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact on one or more essential elements of his opponent's case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once the moving party meets his initial burden, the nonmoving party must then point to some evidence in the record showing the existence of a material fact, and not simply rely on the allegations or denials in his pleadings. Id.; Civ.R. 56(E). Only if the nonmoving party fails to meets its reciprocal burden is summary judgment appropriate. Id.
The trial court granted summary judgment as to appellees' claim for a permanent easement based upon four theories: 1) implied easement, 2) easement by estoppel, 3) easement by necessity, and 4) prescriptive easement.
Implied easements are based upon the principle that when an individual conveys property, he also conveys whatever is necessary for the use and enjoyment of that property. Trattar v. Rausch (1950), 154 Ohio St. 286, paragraph four of the syllabus; Deyling v. Flowers (1983),10 Ohio App.3d 19. The following elements are required to establish a claim for an implied easement arising from an existing use:
 "`(1) a severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.'" Martin v. Sheehy (1986), 33 Ohio App.3d 332, 335, quoting Ciski v. Wentworth (1930), 122 Ohio St. 487, paragraph one of the syllabus.
Implied easements are disfavored in the law, however, as being contrary to the rule that written documents speak for themselves. Campbell v.Great Miami Aerie No. 2309, Fraternal Order of Eagles (1984),15 Ohio St.3d 79, 80.
In the present case, appellant asserts that the driveway did not exist prior to the split of appellees' property from the original parcel. Appellees did not present any evidence to the contrary. Consequently, appellees have failed to establish, for summary judgment purposes, one of the required elements for an implied easement. Therefore, the trial court improperly granted summary judgment under the theory of implied easement.
An easement by estoppel may be created:
 "`Where an owner of land, without objection, permits another to expend money in reliance upon a supposed easement, when in justice and equity the former ought to have disclaimed his conflicting rights, such owner is estopped to deny the easement.'* * *
 "The party claiming the easement must show that he was misled or was caused to change position to his prejudice. * * *" [Citations omitted.] Gnomes Knoll Farm, Inc. v. Aurora Inn Operating Partnership, L.P
(June 30, 1994), Geauga App. Nos. 93-G-1772 and 93-G-1780, unreported.
Furthermore, the claimant's detrimental reliance on any misrepresentation or fraudulent failure to speak must be reasonable. Maloney v. Patterson
(1989), 63 Ohio App.3d 405, 410.
In this case, the parties presented conflicting affidavits as to appellees' expenditures or detrimental reliance on the alleged easement. Consequently, we conclude that summary judgment may not be granted as to the claim of easement by estoppel.
The elements of an easement by necessity are that, upon the severance of land from the estate, a use existed that is continuous, apparent, permanent and necessary. Trattar v. Rausch, supra, at 292. An easement by necessity will not be found where there is another way of ingress and egress to and from the property, even if it is less convenient and more expensive to make it functional. Id. at 295.
Again, material facts remain in dispute as to whether or not sufficient alternative access to the property exists. Therefore, summary judgment as to a finding of an easement by necessity is also improper.
Finally, a prima facie showing that a prescriptive easement exists may be demonstrated by evidence that the use is open, notorious, continuous, adverse and for at least twenty-one years. Hindall v. Martinez (1990),69 Ohio App.3d 580, 583. Adverse use is described as using "a way over the land of another without permission as a way incident to his own land, and [continuing] to do so with the knowledge of the owner * * *."McCune v. Brandon (1993), 85 Ohio App.3d 697, 701, citing Pavey v. Vance
(1887), 56 Ohio St. 162, paragraph one of the syllabus.
In this case, the facts are disputed as to whether the use was adverse and continuous for twenty-one years. Therefore, the trial court improperly granted summary judgment as to appellees' claim for prescriptive easement.
Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Erie County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.
 _____________________ SHERCK, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. CONCUR.
[1] The executor of the estate of Ward Brooks, appellant's deceased husband, was also included as a party defendant and is an appellant in this case. For the sake of clarity, however, we will refer to "appellant," Susan Brooks, in the singular, in our discussion of the issues.