**NEELEY et al., Appellants,**

**v.**

**GREEN et al., Appellees.**

[Cite as *Neeley v. Green* (1991), 73 Ohio App.3d 167.]

Court of Appeals of Ohio,
Clermont County.

No. CA90–09–089.

Decided April 15, 1991.

*Patrick Gregory,* for appellant Bernice Neeley.

*John R. Dean,* for appellant Verl B. Neeley.

*George Leicht,* for appellees Charles and Wilma Green.

*Laurence A. Bonhaus,* for appellees David and Eva Allen.

*John C. Korfhagen,* for appellees village of Chilo and James Snell.

*David Frey,* for appellees Clermont County Prosecutor and Franklin Township Trustees.

WILLIAM W. YOUNG, Judge.

This appeal originates from a Clermont County Court of Common Pleas determination of the public's right of access to an unimproved section of Washington Street in Chilo.

Plaintiffs-appellants, Bernice and Verl Neeley, own 18.89 acres of property in Franklin Township, Clermont County, which is bordered by defendant-

appellee, village of Chilo, to the east and the Ohio River to the south. Defendants-appellees, Charles and Wilma Green, and David and Eva Allen, own real estate which abuts the Neeleys' property. Located between the Allens' and Greens' real estate is Washington Street. Washington Street is an improved street from Market Street to the Greens' house; from the Greens' house to the Neeleys' property, however, the street is unimproved.

The Neeleys filed a complaint on August 9, 1988, and an amended complaint on December 22, 1988, against defendant-appellee, Franklin Township Board of Trustees, as well as the Greens, Allens and village of Chilo, which sought declaratory judgment, injunctive relief, the declaration of an easement by necessity and money damages. The complaint alleged that the village's failure to keep Washington Street open and in good repair deprived the Neeleys of the only access to their property. The Neeleys also claim that both the Greens and Allens have interfered with their use of Washington Street.

On August 30, 1989, the trial court found Washington Street had been established by common-law dedication and acceptance only as far west as the easternmost boundary of the Green property. The court further found that the Neeleys failed to produce the requisite evidence to create an easement by necessity across the disputed property.

The court denied the Neeleys' motion for a new trial on November 21, 1989. On July 16, 1990, this court dismissed the Neeleys' subsequent appeal of the trial court's decision on both the amended complaint and motion for lack of a final appealable order.

Following the trial court's disposition of the remaining cross-claim, the Neeleys appealed in a timely manner and presented the following assignments of error for review:

### Assignment of Error No. 1

"The Trial Court erred in ruling that Washington Street in the Village of Chilo is not a platted and dedicated street."

### Assignment of Error No. 2

"If the Trial Court is correct that Washington Street does not exist, then the Court erred in denying the Plaintiff–Appellants an easement by necessity."

The Neeleys' first assignment of error challenges the trial court's ruling that Washington Street was not a platted and dedicated street beyond the Greens' property line. Specifically, the Neeleys take issue with the court's finding that "the evidence is insufficient to establish a public way or extension

of Washington Street beyond the terminus of the presently constructed street in a westerly direction."

In *Becker v. Cox* (June 10, 1985), Butler App. No. CA84–04–044, unreported, at 6–8, 1985 WL 8688, this court stated:

"A dedication is a voluntary and intentional gift or donation of land, or of an easement or interest therein for some public use, made by the owner of the land, and accepted for such use, by or on behalf of the public. * * * Dedication can be of two kinds: statutory and common law. A statutory dedication is one made in conformity with the provisions of those statutes providing for such dedication." (Citations omitted.)

The Neeleys argue that a township exhibit evidencing an early 1800s plat of Chilo is sufficient to create a statutory dedication. After noting that the Neeleys did not produce any evidence of Chilo's original platting, the court found the exhibit's failure to contain the appropriate acknowledgment precluded the existence of a statutory dedication.

■ Although the Neeleys' brief fails to provide both the year the plat was made and the statute in effect at that time, based upon research, we believe the applicable statute regarding the dedication of lands in the early 1800s is found in 22 Ohio Laws 301. *Lessee of Fulton v. Mehrenfeld* (1858), 8 Ohio St. 440; *Wapakoneta Bd. of Edn. v. Unknown Heirs of Aughinbaugh* (1955), 99 Ohio App. 463, 59 O.O. 267, 134 N.E.2d 872. The statute's first part required the recording of an accurate plat while the second part dictated that the recorded plat be acknowledged before certain officers. *Id.* at 466, 59 O.O. at 268, 134 N.E.2d at 875. The failure to comply with the statute and obtain the requisite acknowledgment renders the plat ineffective to pass the specified estate or interest. *Lessee of Fulton, supra,* at 445; see, also, *Satchell v. Doram* (1855), 4 Ohio St. 542; *Wapakoneta, supra,* 99 Ohio App. at 466, 59 O.O. at 268, 134 N.E.2d at 875.

The trial court properly found that an omission of an acknowledgment in the plat prohibited the establishment of a statutory dedication. Consequently, in order for the Neeleys' claim to succeed, they must demonstrate a common-law dedication.

■ A common-law dedication can be proven upon the showing of the following three elements: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public. *Mastera v. Alliance* (1987), 43 Ohio App.3d 120, 539 N.E.2d 1130; *Becker, supra; Vermilion v. Dickason* (1976), 53 Ohio App.2d 138, 7 O.O.3d 98, 372 N.E.2d 608.

■ Without addressing the first two prongs of the test, our analysis focuses on the element of acceptance. In *Becker, supra,* at 9, we noted that "[n]o formal acceptance as a matter of record is necessary to effectuate a common-law dedication." One method of acceptance can be accomplished by the public's continuous use of the property. *Doud v. Cincinnati* (1949), 152 Ohio St. 132, 39 O.O. 441, 87 N.E.2d 243. Thus, a dedication and acceptance of private property for a public use may result from the use of such property by the public, with the silent acquiescence of the owner, for a period of time sufficient to warrant an inference of an intention to make such dedication and to constitute such acceptance. *Id.* at paragraph one of the syllabus.

■ Additionally, the actions of the municipal authority can also amount to an acceptance of a common-law dedication. In *State ex rel. Fitzthum v. Turinsky* (1961), 172 Ohio St. 148, 153, 15 O.O.2d 284, 287, 174 N.E.2d 240, 243, the Ohio Supreme Court found that an acceptance of land dedicated as a street for public use could be implied as "a result of the authorities taking some positive action such as the actual improvement of a street or road." Thus, "acceptance can be manifested by improvements to or maintenance of a street or road * * *." *Mastera, supra,* 43 Ohio App.3d at 122, 539 N.E.2d at 1134.

■ Evidence before the court revealed a lack of continuous public use of the disputed portion of Washington Street. David Allen, owner of the property adjoining the Neeleys' land south of Washington Street, testified that the general public did not use the portion of Washington Street between the Greens' land and his property in the twenty-four years he owned the land. Betty Malone, a life-time Chilo resident with an office on Washington Street, stated that she could not recall witnessing people traveling on the portion of Washington Street that extends beyond Market Street.

The evidence also failed to indicate that Chilo took positive action to effectuate the acceptance of the portion of Washington Street in dispute. Charles Green, an eleven-year resident of Chilo, testified that the village has never made any repairs to the property west of Market Street. He further stated that both the water and electric lines, as well as the sidewalk, stop on Washington Street at Market Street. Finally, Green testified that the portion of Washington Street in question is not paved, but, rather, contains a tree with a nine-foot circumference.

Since such evidence shows Chilo never accepted the portion of Washington Street beyond the Greens' property line, the trial court properly found no common-law dedication occurred.

The Neeleys also argue that the discovery of a certified copy of Chilo's incorporation proceedings, conducted by the Clermont County Commissioners on June 17, 1960 and filed in the county recorder's office on January 27, 1961, warranted the granting of their motion for a new trial. It is contended that the proceedings show the intention of Chilo officials to dedicate the streets.

Civ.R. 59(A)(8) permits a trial court to grant a new trial for "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial." In deciding the motion, the trial court is vested with broad discretion. *Jones v. Meinking* (1987), 40 Ohio App.3d 45, 531 N.E.2d 728.

■ The Neeleys' reliance on the copy of the incorporation proceedings is misplaced. Private streets are not automatically converted into publicly dedicated streets by the act of incorporation. *Magic v. Basquin* (C.P.1951), 60 Ohio Law Abs. 377, 383, 102 N.E.2d 42, 47. As a result, any evidence of Chilo's incorporation is irrelevant on the issue of Washington Street's dedication. Thus, the court did not abuse its discretion in denying the motion for a new trial and the first assignment of error is overruled.

In their second assignment of error, the Neeleys argue that if Washington Street does not exist, the court erred in not granting them an easement by necessity. Specifically, the Neeleys maintain they are entitled to an easement over Washington Street since encroachments on Warren Street leave them with no means of access to their property.

■ Easements implied of necessity are not favored since they are "in derogation of the rule that written instruments shall speak for themselves." *Ciski v. Wentworth* (1930), 122 Ohio St. 487, 172 N.E. 276, paragraph one of the syllabus. Strict necessity is required to justify the implication of an easement by necessity. *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 19 OBR 63, 482 N.E.2d 946. As a result, "[a] way of necessity will not be implied where the claimant has another means of ingress or egress, whether over his own land or over the land of another." *Trattar v. Rausch* (1950), 154 Ohio St. 286, 293, 43 O.O. 186, 189, 95 N.E.2d 685, 689.

■ A review of the second amended complaint indicates the Neeleys never asked for a determination of Warren Street's status. Furthermore, a reading of the court's August 30, 1989 decision reveals no finding was made concerning encroachments on Warren Street. Thus, the Neeleys have failed to overcome the difficult burden of showing no means of access to their property exists. Accordingly, we find no merit to the second assignment of error.

*Judgment affirmed.*

JONES, P.J., concurs.

KOEHLER, J., concurs in part and dissents in part.

KOEHLER, Judge,. concurring in part and dissenting in part.

I concur in the majority's holding on the first assignment of error. I would reverse on appellants' second assignment of error and remand for a determination of appellants' entitlement to an easement by necessity.