This is an appeal from a judgment of dismissal entered after a bench trial by the Scioto County Common Pleas Court in favor of Robert Lore and Darlene Lore, defendants below and appellees herein, on the claims brought against them by Edward T. Scrivner and Linda J. Scrivner, plaintiffs below and appellants herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "PLAINTIFFS STATE THAT THERE WAS ERROR PREJUDICIAL TO THEM IN THE TRIAL OF THIS CASE IN THAT THE COURT AT THE CONCLUSION OF THE EVIDENCE OF PLAINTIFFS SUSTAINED THE MOTION OF DEFENDANTS TO DISMISS SAID CASE."
SECOND ASSIGNMENT OF ERROR:
 "PLAINTIFFS STATE THAT THERE WAS ERROR PREJUDICIAL TO THEM IN THE TRIAL OF THIS CASE IN THAT THE TRIAL COURT SUSTAINED THE OBJECTION OF DEFENDANTS TO EXHIBITS OFFERED BY PLAINTIFFS TO SUPPORT THEIR CLAIM FOR A ROADWAY INTO THEIR PROPERTY."
The record reveals the following facts pertinent to this appeal. In the Spring of 1995, appellants acquired roughly one hundred and sixty-eight (168) acres of land in Rarden Township, Scioto County, Ohio, to hold as an investment and lease "to somebody for horse or cow." They initially believed that the boundary line of this property extended all the way to a thoroughfare known as "Rarden Hazelbaker Hill Road" (hereinafter referred to as "Hazelbaker Road" or the "roadway"). It was later discovered, however, that the boundary line did not reach that far and that it was necessary to traverse other property in order to reach the roadway. This was not a problem at first because there appeared to be some sort of existing access road, known as "Penn Ridge Road," leading from appellants' property to Hazelbaker Road.[1] Appellants made use of this other access road for about a month until appellees closed off that portion of it which ran through their property and hung a "no trespassing" sign on the gate.
The action below was commenced on August 13, 1996, with appellants alleging that they had a right to make use of Penn Ridge Road (to access Hazelbaker Road) either by a prescriptive easement, an easement by necessity or because it was once a "public roadway" over which rights of travel had long been established. They asked the court below for a declaration establishing an ingress/egress easement over this road and an order enjoining appellees from interfering with their rights of travel thereon. Appellees filed an answer denying that any rights of travel had been established over their property and counterclaimed against appellants alleging that they had "attempt[ed] to create a roadway" with "earth moving equipment" thereby altering "water flow" and causing "flooding and erosion" which injured their land. They asked for damages in the amount of $4,320 to repair the property. Appellants filed a reply denying the allegations in the counterclaim.
After an unsuccessful attempt to resolve these matters on summary judgment, the case proceeded to a bench trial on January 14, 1998, at which time appellants presented evidence to establish adverse use over the course of Penn Ridge Road. Mr. Ralph Brown, who had sold the real estate to appellants, testified that he had only been back to the property once during the time he owned it. The witness did state, however, that he had used the access road two (2) or three (3) times over a period of fifteen (15) to twenty (20) years to visit friends who lived back in that area. He also related that a number of years ago, he knew somebody who used Penn Ridge Road to get timber that had been logged out to Hazelbaker Road. Ms. Irene Syroney testified that she had operated a store in that area for almost twenty (20) years beginning back in 1940 and, although she never actually saw anyone ever use the access road, it did appear to be "travelled." Mr. C.A. Hoffer testified that he lived in that area during the 1920s and had operated a motor vehicle over Penn Ridge Road at "different times." Mr. Ty Pell, a surveyor hired by appellants, confirmed the apparent infrequent use of this access road describing it as a "well-traveled path." The witness described this path or road as "meander[ing]" through appellants' property, as well as property owned by a Mr. Jack McCoy, and eventually exiting out onto Hazelbaker Road. His survey did not include any of the land between the McCoy property and Hazelbaker Road but, presumably, Penn Ridge Road also "meanders" through appellees' property as well. Appellant, Edward Scrivner, testified that there was no other means of access to his land except over this disputed access road. He admitted that, at one time, another nearby property owner had granted him access over her land in exchange for mowing her grass but that such means of ingress/egress terminated when he stopped doing her lawn work. During this testimony, appellants also attempted to introduce various documents including "road dedication records" and a "geological survey" to establish the existence of Penn Ridge Road. However, on objection of appellees, these documents were not allowed into evidence.
At the conclusion of appellants' case in chief, appellees moved for a Civ.R. 41(B)(2) judgment of dismissal. The lower court summarily granted their motion noting that the evidence adduced thus far in the proceedings was "not sufficient to come anywhere close to proving the three claims" brought by appellants. Upon having their motion sustained, appellees withdrew their counterclaim. Final judgment was entered in their favor on January 30, 1998, and this appeal followed.
 I
In their first assignment of error, appellants argue that the lower court improperly entered judgment against them on their claims below. We disagree. A judgment of dismissal in a non-jury trial is provided for by Civ.R. 41(B)(2) in those instances where, upon considering the facts and the law, the trial court finds that a plaintiff has shown no right to relief. Dismissals under this rule are analogous to directed verdicts in a jury trial under Civ.R. 50 but the standards are not the same. Fetters v. Emerine (Jun. 24, 1997), Ross App. No. 96CA2222, unreported. The provisions of Civ.R. 41(B)(2) expressly provide that the court may consider both the facts and the law. Thus, under this rule, the trial court does not view the evidence in a light most favorable to the plaintiff (as it does under a Civ.R. 50 motion for directed verdict) but rather actually determines whether plaintiffs have proven the necessary facts by the appropriate evidentiary standard. SeeL.W. Shoemaker, M.D., Inc. v. Connor (1992), 81 Ohio App.3d 748,752, 612 N.E.2d 639, 372; Harris v. Cincinnati (1992),79 Ohio App.3d 163, 168, 607 N.E.2d 15, 18; Jacobs v. Bd. of Cty.Commrs. (1971), 27 Ohio App.2d 63, 65, 272 N.E.2d 635.
The test applied by this Court on appeal is somewhat different. Staten v. Staten (Aug. 27, 1998), Jackson App. No. 97CA8181, unreported. We must consider whether the trial court's factual determinations are supported by the manifest weight of the evidence. Fetters, supra; Ford v. Starr Bank
(Aug. 27, 1998), Lawrence App. No. 97CA39, unreported. Those determinations, and the resultant judgment, will not be reversed as against the manifest weight so long as they are supported by some competent, credible, evidence. Gerijo, Inc.v. Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533,536; Vogel v. Wells (1991), 57 Ohio St.3d 91, 96,566 N.E.2d 154, 159; C.E. Morris Co. v. Foley Construction Co. (1978)54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. With this standard in mind, we turn our attention to appellants' three (3) claims for relief and the evidence adduced thereon during the proceedings below.
Their first claim was that they, or their predecessors in title, had established a prescriptive easement over Penn Ridge Road out to Hazelbaker Road. We note at the outset that even if appellants had proven all the requisite elements of an easement by prescription, the lower court still could not have granted them such relief. It is fairly clear from the record that Penn Ridge Road, leading from appellants' property to Hazelbaker Road, crosses the land of at least one other property owner (besides appellees) and quite possibly another. These other property owners were never joined as defendants to this action and, thus, the lower court would have had no jurisdiction to impose an equitable servitude (i.e. an easement) over their land for appellants' benefit. That problem aside, however, we readily agree with the trial court that appellants came "[no]where close" to proving an easement by prescription.
Appellants were required to prove that their use of Penn Ridge Road, or the use made thereof by their predecessors in title, was open, notorious, adverse to the owner's property rights, continuous and for a period of at least twenty-one (21) years. Carlyn v. Garn (1995), 105 Ohio App.3d 704, 707,664 N.E.2d 1325, 1327; Div. of Wildlife v. Freed
(1995), 101 Ohio App.3d 709,712, 656 N.E.2d 694, 696; Pence v. Darst (1989),62 Ohio App.3d 32, 37, 574 N.E.2d 548, 551. Further, they were required to prove these elements by clear and convincing evidence. See e.g. Coleman v. Penndel Co. (1997),123 Ohio App.3d 125, 130, 70 N.E.2d 821, 824; J.F. Gioia, Inc. v.Cardinal Am. Corp. (1985), 23 Ohio App.3d 33, 37,491 N.E.2d 325, 330. A review of the trial transcript reveals that they fell far short of this burden. The most which can be said of the evidence adduced below is that some person, or persons, made sporadic use of Penn Ridge Road on different occasions over the last seventy (70) years. It was the general consensus of all the witnesses that this road, or path, had been "travelled" at different times in the past. However, as noted above, that travel must be continuous in order to establish a prescriptive easement. Ms. Syroney, who operated a store in the general vicinity of Penn Ridge Road for nearly two (2) decades, said that she was never on the road herself and never observed anyone else on it either. Messrs. Brown and Hoffer both admitted to using Penn Ridge Road on different occasions. However, in the case of Mr. Brown, he used it only once in three (3) years to visit the property he later sold to appellants and two (2) or three (3) other times in the previous fifteen (15) to twenty (20) years to visit friends who lived back in that area. Mr. Hoffer stated that he had driven an automobile over the road many years ago when he lived in that area but only described the frequency of such travel as being "several times."
The general rule is that infrequent or occasional use of a thoroughfare over property is inadequate to demonstrate "continuous" use for purposes of establishing a prescriptive easement. See 4 Powell on Real Property (1994) 34-134, § 34.10; 3 American Jurisprudence 2d (1986) 178, Adverse Possession § 83. Ohio law seems to relax this standard somewhat, and does not require a showing of daily or even weekly use of the roadway, but still requires that travel be so continuous as to fairly indicate uninterrupted use. See 2 Ohio Jurisprudence 2d (1977) 523-524, Adverse Possession, § 24. We conclude, as apparently did the trial court, that the testimony of the witnesses below was insufficient as a matter of law to establish even minimally continuous or uninterrupted use of Penn Ridge Road.
Moreover, even if a greater degree of use had been established, there was no evidence whatsoever to suggest that it was ever adverse to the rights of the property owner(s). Indeed, nothing was ever introduced to show who owned appellees' land (the proposed servient tenement) at the time Messrs. Brown and Hoffer made their sporadic trips over Penn Ridge Road. It may well have been that those owners allowed other people to travel over their property in this manner or even that they made frequent use of the road themselves thereby making it appear well "travelled." The onus was on appellants to demonstrate that this was not the case and we find no evidence in the record to substantiate that they carried this burden below. For these reasons, we find no error in the trial court's decision to enter a judgment of dismissal on this claim.
Appellants' second claim was that they were entitled to an easement by necessity over Penn Ridge Road. We note at the outset that such an easement is an "implied grant" and is not particularly favored in the law because it is in derogation of the general rule that written instruments speak for themselves.Ciski v. Wentworth (1930), 122 Ohio St. 487, 172 N.E. 276, at paragraph one of the syllabus. Here again, as in the case of an easement by prescription, appellants were required to show their entitlement to this sort of relief by clear and convincing evidence. Landsberger v. Egolf (Nov. 30, 1998), Columbiana App. No. 96-CO-55, unreported; Gnomes Knoll Farm,Inc. v. Aurora Inn Operating Ptshp., L.P. (Jun. 30, 1994), Geauga App. No. 93-G-1780, unreported. The are several reasons why they failed to carry their burden on this claim below.
First, easements by necessity require a showing of "strict necessity." Neeley v. Green (1991), 73 Ohio App.3d 167, 172,596 N.E.2d 1052, 1055; also see Munchmeyer v. Butterfield (Mar. 26, 1996), Washington App. No. 95CA7, unreported; Kenko Corp.v. Luken (Apr. 20, 1988), Hamilton App. No. C-870402, unreported. Courts will not imply an easement by necessity where there is an alternate route even though the alternate route may be less convenient or more expensive, Tratter v.Rausch (1950) 154 Ohio St. 286, 95 N.E.2d 685, at paragraph eight of the syllabus, or even goes over the land of another.Id. at 293. Appellant, Edward Scrivner, admitted during his testimony below that at one time, another nearby property owner had granted him access over her land in exchange for mowing her grass. Although this access was lost when he stopped doing that work for the property owner, this demonstrates that there is alternate access to his land (albeit not without some additional work or expense on his part) thereby negating any assertion of strict necessity. The second problem with appellants' claim is that an easement by necessity arises from a legal theory that such right-of-way was intended to be conveyed when either the servient or dominant estate are carved out of, and conveyed from, a master parcel of real estate. Indeed, for many years the Ohio Supreme Court has noted that "[a] severance of the unity of ownership in an estate" is the very first element which must be shown to prove an easement by necessity. See Ciski, supra at paragraph one of the syllabus. A review of any treatise on the matter quickly reveals that prior unity of ownership of both the dominant and servient estate is the sine qua non for establishing an easement by necessity. See e.g. 4 Powell on Real Property, supra at 383, § 34.07; 36 Ohio Jurisprudence 3d (1982) 448-449, Easements and Licenses in Real Property, § 48; 1 McDermott's, Ohio Real Property (1988) 383, § 10-12. Appellant produced no evidence to show that their land and the property of appellees were ever part of one master tract of real estate. Accordingly, for these reasons, the court below properly granted judgment of dismissal on this claim.
In their final claim for relief, appellants assert that Penn Ridge Road was once a dedicated, public, roadway that may have been abandoned by Scioto County but over which the general public had established prescriptive rights through the years. Once again, there are several problems with this claim. The first is that nothing was ever admitted into evidence below to demonstrate that this was, in fact, a dedicated roadway. Appellants attempted to introduce various documents to that effect but they were excluded from evidence by the trial court. Even if they had been admitted, however, it is not entirely clear to us how prescriptive rights could be acquired in a public roadway. The very fact that the road was held open to the public would seem to run counter to any argument that its use was adverse to the interests of the owners. Appellants never cited any legal authority to support this proposition during the proceedings below and, likewise, have not done so on appeal. In any event, even assuming arguendo that such rights could be acquired, we have already determined that there was an insufficient showing of continual and uninterrupted, as well as adverse, use to establish prescriptive rights. It logically follows then that there was also nothing improper in dismissing this claim. For all these reasons, we find no error in entering a judgment of dismissal against appellants pursuant to Civ. R. 41(B)(2). Their first assignment of error is, accordingly, overruled.
 II
In their second assignment of error, appellants argue that the lower court erred in excluding from evidence the aforementioned documents which they introduced to establish that Penn Ridge Road existed and was a dedicated public roadway. We disagree.
To begin, even if there was error in excluding these documents from evidence, we would find that it was harmless given that appellants did not prove continuous and adverse use necessary to establish a prescriptive easement over that road.See Civ.R. 61; also see Evid.R. 103(A) (no error can be predicated upon a ruling which excludes evidence unless it affects a substantial right of the parties). That aside, however, we are not persuaded that there was any error in the lower court's ruling.
The provisions of Evid.R. 1005 state inter alia that "[t]he contents of an official record . . . may be proved by copy, certified as correct in accordance with [Evid.R.] 902, Civ. R. 44, Crim. R. 27 or testified to be correct by a witness who has compared it with the original." The documents sought to be introduced below were not certified pursuant to Civ.R. 44(A) nor were they introduced by the testimony of a witness who had compared them to the original. They were, instead, proffered during the testimony of appellant, Mr. Scrivner, who apparently has no connection with the agencies who supplied them. This was wholly inadequate and did not satisfy the authentication provisions of Evid.R. 1005.
Appellants counterargue in their brief that they "believed" these documents were "self-authenticating" under Evid.R. 902(10) which states, in pertinent part, that extrinsic evidence of authenticity is not required of any document declared by law to be presumptively or prima facie genuine or authentic. However, they have not cited us to any law or authority which affords such a presumption with respect to the documents at issue here and we have found none in our own research. Appellants also contend that the proffered exhibits should have been admitted into evidence for the limited purpose of allowing Mr. Scrivner to "explain the other evidence . . . as to the existence and use of what was formally known as Pen Ridge Road." We are not persuaded. The documents proffered below purport to be various road dedication records and geological surveys. Many of them appear to be quite old and contain metes and bounds descriptions of unidentified roadways. Even with all the other evidence in the record, including the survey performed by Mr. Pell, it is impossible for this Court to ascertain whether any of these documents proffered by appellants actually address the thoroughfare known as Penn Ridge Road. It would require some degree of specialized knowledge to link these documents to that road and Mr. Scrivner was never qualified as an expert to make that connection.
It is also worth noting that the admission of evidence is generally left to the sound discretion of the trial court and a reviewing court will reverse only upon a showing of an abuse of that discretion. See Peters v. Ohio State Lottery Comm.
(1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290, 292; Rigby v.Lake Cty. (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056,1058; also see State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343, at paragraph two of the syllabus. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339,342, 695 N.E.2d 1140, 1142; Malone v. Courtyard byMarriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242,1249; State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249,253, 648 N.E.2d 1355, 1358. Given the absence of anything to authenticate these documents, as well as the difficulty in deciphering them and relating them to the thoroughfare known as Penn Ridge Road, we find no error let alone an abuse of discretion in excluding them from evidence below. The second assignment of error is, accordingly, overruled.
Having reviewed all errors assigned and argued by appellants in their brief, and after finding merit in none of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only Kline, P.J.: Concurs in Judgment Opinion
For the Court
 BY: ________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] The record is unclear as to the extent of other property which must be crossed in order to reach the roadway from appellants' land. From affidavits, a survey and the testimony of Mr. Scrivner himself, it would appear virtually undisputed that appellants must also cross a fifty (50) acre tract of land owned by Mr. Jack McCoy. The record is less clear, but nevertheless seems to suggest, that Penn Ridge Road also crosses over property owned by Mr. Robert Strickland before emptying out onto Hazelbaker Road.