DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Zdarvko Miskovic and Zorka Miskovic,[1] appeal the entry of summary judgment against them in the Lorain County Court of Common Pleas. We affirm.
In 1955, the plat of the Swan Subdivision was duly approved by the Zoning Board of Ridgeville Township, the Ridgeville Township Trustees, and the Commissioners of Lorain County.[2] Three parcels of the Swan Subdivision are the subject of the instant appeal. The lot located at 9280 Root Road came to be owned by Scott and Sandra Allen, appellees. This lot was originally designated as sublot 6 of the Swan Subdivision. The lot located at 9260 Root Road came to be the property of the Cletus M. Reed, appellee. This lot was originally designated as sublot 5 of the Swan Subdivision. The property between sublots 5 and 6 was designated "RESERVED FOR ROAD" on the Swan Subdivision plat. The driveway on both the Allen's property and Mr. Reed's property let out onto the property designated "RESERVED FOR ROAD," although both properties abut Root Road. The Miskovics came to own the property behind the "RESERVED FOR ROAD" property, and hence, use that property for access to Root Road.
The Allens, Mr. Reed and the Miskovics all use the property designated "RESERVED FOR ROAD" for access to Root Road. In November 1999, Zdarvko Miskovic dug a trench which cutoff access from the Allen's driveway and Mr. Reed's driveway to the property "RESERVED FOR ROAD." The Allens and Mr. Reed filed the instant action seeking declaratory judgment, injunctive relief, other equitable relief, and to quiet title of the lot "RESERVED FOR ROAD" on November 16, 1999. On June 5, 2000, the Allens and Mr. Reed moved for summary judgment. The Miskovics responded in opposition on June 19, 2000. The trial court granted summary judgment in favor of the Allens and Mr. Reed on July 7, 2000 on the grounds that the property had been dedicated to public use under the common law. This appeal followed.
The Miskovics assert three assignments of error. We will address them together to facilitate review.
 First Assignment of Error The Trial Court erred in finding no genuine issue of material fact as to whether the Deed's "reserved for street purposes" language created a common law [sic] dedication when a road was never developed in forty-five years.
 Second Assignment of Error The Trial Court erred in finding no genuine issue of material fact that the proposed road implied in the Deed's "reserved for street purposes" language created a public road when the City of North Ridgeville never affirmatively accepted, created or otherwise maintained a road.
 Third Assignment of Error The Trial Court erred in finding no genuine issue of material fact as to whether a private landowner's continued use of the "reserved for street purposes" parcel constitutes a valid public use acceptance.
The Miskovics aver that the term "reserved" was not a clear expression of an intent the dedicate to property to public use as a road. Further, he asserts that the City of North Ridgeville must have affirmatively accepted the dedication by some affirmative act such as paving the street or passing an ordinance accepting the dedication. Finally, he asserts that, if the City of North Ridgeville did not affirmatively accept the dedication, common-law acceptance could not occur as no public use was shown to have occurred here. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
A dedication of land may be accomplished by compliance with the applicable statute or under the common law. Neeley v. Green (1991),73 Ohio App.3d 167, 170; Sullivan v. Columbus (1902), 12 Ohio Dec. 650, 653. If the dedication is statutory, the applicable law is that in effect at the time of the dedication. Neeley, 73 Ohio App.3d at 170.
To establish a common-law dedication one must show: "(1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public." Neeley, 73 Ohio App.3d at 170.
We will first determine if the original plat of the Swan Subdivision constituted an actual offer to dedicate and evidenced an intention to dedicate. Although no express dedication language appears in the Swan Subdivision plat, the property in question is marked "RESERVED FOR ROAD." Construing the facts in a light most favorable to the nonmoving party, we conclude that this language expresses an intention to dedicate the property for road use and is an actual, unequivocal, offer to dedicate the property in question to public use for the purpose of a public road. SeeRuff v. Brown (1953), 98 Ohio App. 326. Accordingly, the property in question satisfies the first two criteria of a common-law dedication of land.
The third requirement is that the public accept the dedication. This acceptance can be accomplished by continuous public use of the property or by some action of the local government, such as paving or otherwise improving the roadway. Neeley, 73 Ohio App.3d at 171. There is no evidence that the City of North Ridgeville has taken any action to improve the roadway, however, by uncontradicted affidavit the Allens and Mr. Reed state that they have been continuously using the property in question as a roadway. They are certainly members of the public and uncontradicted evidence was presented of their continuous use of the property in question. Accordingly, we conclude that the actions of the Allens and Mr. Reed constitute public use, and hence, acceptance of the offered dedication by the public. The Miskovic's first and third assignments of error are overruled.
In their second assignment of error, the Miskovics assert that the City of North Ridgeville must have affirmatively accepted the proposed dedication. However, while this may be necessary for a statutory dedication, it is not required for a common-law dedication. Neeley,73 Ohio App.3d at 171. Accordingly, the Miskovic's second assignment of error is overruled.
The Miskovic's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
WHITMORE, J. CONCURS
BAIRD, J., DISSENTS
[1] Bogdan Miskovic, Mirjanha Miskovic, and The City of North Ridgeville were also defendants below but have not appealed the trial court's decision.
[2] It also appears to have been approved by the North Olmsted Planning Commission, situated in Cuyahoga County.