OPINION
Appellants Charles and Patricia Lighthizer appeal the decision of the Muskingum County Court of Common Pleas that granted an easement by necessity over appellants' property for the benefit of Appellees James and Jennifer Moore. The following facts give rise to this appeal.
The split of the original tract of land, into two parts, occurred in 1942 when Ida Moore[1] deeded 105.85 acres, to the Real Estate Improvement Company of Baltimore City, and retained the remaining 45.01 acres now owned by appellants. At the time of this conveyance, the 105.85 acres was not landlocked. It became landlocked, in approximately 1965, when the State of Ohio built Interstate 70 and cut off School House Lane, which was the lane used to access the 105.85 acres. The property was landlocked when appellees' predecessors in title, Appellee Jennifer Moore's parents, took title to the property and remained so when appellees took title to it.
In January 1980, appellants and appellees' predecessors in title executed an agreement, which created an easement, and permitted appellees to cross appellants' property for the purpose of hauling timber to market. This agreement remains in effect. Also under this agreement, appellants and appellees' predecessors in title each paid one-half of the cost to build a bridge where the railroad runs between the two properties. After the bridge was built, appellees timbered their property and appellants drilled three oil and gas wells on appellees' property. In December 1999, appellants sold their rights in these wells to H H Energy of Ohio. In order to service these wells, H H Energy crosses the bridge and enters appellees' property.
Between 1980 and 1999, appellees used the road across appellants' property to reach their property. However, in the fall of 1999, appellants completely blocked the gate. This occurred following a series of events which included Appellee James Moore unhooking the gate after appellants had padlocked it. Thereafter, appellees had no access across appellants' land. Appellants allegedly took these actions because they did not like appellees hunting deer on their property and did not like some of the people appellees permitted to use the property. In the summer of 2000, appellees parked a camper, on the bridge, to keep employees of H H Energy from driving on their property to service the wells. This resulted in the employees parking their vehicles and walking to the wells that needed service. Appellee James Moore subsequently removed the camper from the bridge.
As a result of these disagreements, on January 7, 2000, appellees filed a complaint against appellants. In their complaint, appellees requested a declaratory judgment to force the construction of an easement by necessity over appellants' property for the benefit of appellees' property. Appellants filed an answer on February 23, 2000, denying appellees' claim that they were entitled to an easement by necessity because they had other means of access to their property. Appellants' also filed a counterclaim which contained claims for trespass, conversion and other relief.
The trial court conducted a bench trial on September 28, 2000. The trial court issued its decision, containing findings of fact and conclusions of law, on January 12, 2001. In its decision, the trial court found an easement by necessity should be created, at the location of the present access road and bridge, for the benefit of appellees' property. Appellants timely filed their notice of appeal. During the pendency of this appeal, the trial court granted appellees' motion to allow access to their property. Appellants set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS DECISION OF JANUARY 12, 2001, WHEN IT FOUND THAT AN EASEMENT BY NECESSITY SHOULD BE CREATED WHEN THE TRIAL COURT ALSO HELD THAT PLAINTIFF (SIC)-APPELLEES HAVE ALTERNATE ACCESS TO THEIR PROPERTY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT AN EASEMENT BY NECESSITY EXISTS SINCE THE PROPERTY SERVED BY THE EASEMENT WAS NOT SEVERED FROM ALL OF THE DEFENDANT (SIC)-APPELLANTS' TRACTS OF LAND.
 III. THE TRIAL COURT PLAINLY ERRED IN FINDING AN EASEMENT BY NECESSITY WHICH RESULTED IN AN UNCONSTITUTIONAL AND UNLAWFUL TAKING OF DEFENDANT (SIC)-APPELLANTS' PROPERTY WITHOUT JUST COMPENSATION.
 Easements By Necessity
"Easements implied of necessity are not favored because like implied easements generally, they are `in derogation of the rule that written instruments shall speak for themselves.'" Tiller v. Hinton (1985),19 Ohio St.3d 66, 69, quoting Ciski v. Wentworth (1930), 122 Ohio St. 487, paragraph one of the syllabus. "An implied easement or way of necessity is based upon the theory that without it the grantor or grantee, as the case may be, cannot make use of his land." Trattar v. Rausch (1950)154 Ohio St. 286, 293.
The elements of an easement by necessity are that, upon the severance of land from the estate, a use existed that is continuous, apparent, permanent and necessary. Id. at 292. The party asserting an easement by necessity has the burden of proving that one exists by clear and convincing evidence. Id. at 295. The severance of the unity of ownership in an estate is the very first element which must be shown to prove an easement by necessity. See Ciski, supra, at paragraph one of the syllabus. "Prior unity of ownership of both the dominant and servient estate is the sine qua non for establishing an easement by necessity."Scrivner v. Lore (Apr. 22, 1999), Scioto App. No. 98 CA 2568, unreported, at 4.
In addition to prior unity of ownership, necessity must also be established. In the Tiller case, the Ohio Supreme Court explained that "to justify the implication of an easement by necessity, strict necessity is required. An easement will not be implied where there is an alternative outlet to a public way, even though it is less convenient or more expensive." Tiller at 69.
It is not sufficient that a landowner have a physical necessity to traverse another's property to access his own landlocked property. "Rather, `[n]ecessity is only a circumstance resorted to for the purpose of showing the intention of the [grantor and grantee] and raising an implication of a grant. The necessity merely furnishes evidence of the intention of the [grantor and grantee]; it is not itself the basis of implication. (Internal citation omitted.)'" Beaver v. Williams (Feb. 21, 2001), Summit App. No. 20050, unreported, at 4, quoting Szaraz v.Consol. RR. Corp. (1983), 10 Ohio App.3d 89, 92-93. "It has been stated that `necessity does not itself create a right of way, but is said to furnish evidence of the grantor's intention to convey a right of way and, therefore, raises an implication of grant.'" Trattar, supra, at 293.
In the case sub judice, appellants challenge, in their First and Second Assignments of Error, the trial court's findings as it pertains to alternative access to appellees' property and severance of the property served by the easement.
 I
In their First Assignment of Error, appellants contend the trial court erred when it found that an easement by necessity should be created when the trial court also found, in its findings of fact, that appellees have other routes which may be used to access their property. We agree.
Appellants contend that appellees are not entitled to an easement by necessity because there are alternate means of ingress and egress to their property. Appellee James Moore testified about these alternate routes, at trial, and the trial court made the following findings, in its findings of fact, regarding the alternate routes:
 (5) Plaintiffs have gotten to their property via other routes by foot and by vehicle on occasion. This is accomplished by permission of other adjoining landowners. This is accomplished by traveling through fields and pastures, over fences, across streams and railroad tracks. Decision Jan. 12, 2001, at 1.
Appellant Moore testified as follows, at trial, concerning these alternate routes:
 EICKELBERGER: And since autumn of last year you have come on to this property at least two different ways; the Littles' and the Grays'?
MOORE: Yes.
 EICKELBERGER: And is it your testimony that both the Littles' and the Grays', they're less convenient ways for you to access your property; correct?
MOORE: Oh, yes.
EICKELBERGER: And it would be more expensive for you?
MOORE: In what way?
 EICKELBERGER: Well, I thought that was your testimony, that it would be more expensive for you to go in through the Littles' or the Grays'?
 MOORE: I don't remember mentioning expense, other than building — a road being mentioned.
EICKELBERGER: Okay. Certainly less convenient for you?
MOORE: Oh, definitely. Tr. at 58-59.
* * *
 EICKELBERGER: Okay. There's six properties that touch your property?
MOORE: Yes.
 EICKELBERGER: And you've used, in addition to Mr. Lighthizer's, two others to access your property?
MOORE: That's correct.
 EICKELBERGER: And when you access it through Mr. — or Gray's property, what road do you come out on?
MOORE: Route 40.
 EICKELBERGER: And if you access it through Littles' property, what road do you come out on?
MOORE: Arch Hill
 EICKELBERGER: So through those two properties, you've got access to Route 40 and Arch Hill Road?
MOORE: That's correct. Tr. at 63.
* * *
 EICKELBERGER: And you never used Mr. Lighthizer's property to get to the property — to get to your property until 1980?
MOORE: That's correct.
 EICKELBERGER: Prior to 1980, you came in through what's now the Gray/Little property —
MOORE: Yes. Tr. at 60.
Thus, the trial court having found that alternate access routes existed, erred when it concluded appellees were entitled to an easement by necessity over appellants' property. Appellees failed to establish, by clear and convincing evidence, that an easement by necessity is strictly necessary.
Appellants' First Assignment of Error is sustained.
 II
In their Second Assignment of Error, appellants maintain the trial court abused its discretion when it found an easement by necessity should be created since the property served by the easement was not severed from one of appellants' tracts of land. We agree and will address this assignment of error even though we have already determined that appellees are not entitled to an easement by necessity because of the existence of alternate access routes.
As noted above, severance of the unity of ownership in an estate is the first element which must be shown to prove an easement by necessity.Ciski, supra, at paragraph one of the syllabus. The elements of an easement by necessity are that, upon severance of the land from the estate, a use existed that is continuous, apparent, permanent and necessary. Trattar, supra, at 292.
Appellants' main argument, under this assignment of error, concerns the fact that the trial court granted access over appellants' land that was not severed from appellees' property. Appellee James Moore testified, at trial, that the majority of land owned by appellants that he uses to access his property is south of appellants' 45.01 acre tract that was originally severed from the 105.85 acre tract in 1942. Tr. at 64. Appellants' land south of the 45.01 acre tract totals 87 acres. Appellees presented no evidence that these 87 acres were ever in common ownership with appellants' 45.01 acre tract and appellees' 105.85 acre tract.
Thus, at the most, only appellants' 45.01 acre tract may be burdened by an easement by necessity since it was the only tract of land in common ownership with appellees' 105.85 acre tract of land at the time Ida Moore severed the two properties in 1942. Clearly, it would be unjust and against the case law in Ohio to burden appellants' 87 remaining acres since it was never in common ownership with the 45.01 acre tract and the 105.85 acre tract.
However, even though appellants' 45.01 acre tract was in common ownership with the 105.85 acre tract that was severed in 1942, we find appellees are still not entitled to an easement by necessity because the "strict necessity" did not arise upon the severance of the two parcels in 1942. At the time of severance, the 105.85 acre tract could be accessed by School House Lane. Instead, the "strict necessity" arose, in 1965, when the State of Ohio constructed Interstate 70. We hold that the "strict necessity" needed to justify the creation of an easement by necessity must exist at the time severance occurs. Otherwise, as in this case, a landowner's property may become subject to an easement by necessity, at any time, and not as the result of the current property owner's actions.
The Ninth District Court of Appeals addressed the issue of severance in the Beaver case, supra. In Beaver, defendants owned property which they purchased in 1958. Id. at 1. Included in defendants' property is a private lane known as Aqua Dale Drive. Id. The private lane connects defendants' residence to the public road Cottage Grove Road. Id. Defendants' purchase agreement included Aqua Dale Drive and the eighty acres that included their residence. Id. Without the lane, defendants' property would be landlocked. Id. Defendants subsequently discovered that their deed did not include a description of the lane and thereafter, obtained a second deed from their grantor, for the lane itself, in 1963. Id.
In 1985, plaintiffs purchased property west of defendants' property. Plaintiffs' property had no access to the main road. Id. At the time plaintiffs purchased the property, the owner used Aqua Dale Drive with the permission of defendants in order to access the main road. Id. The previous owner did not advise plaintiffs that the lane belonged to defendants and that there was no easement of record allowing use of Aqua Dale Drive. Id. In order to secure refinancing in 1992, plaintiffs obtained a written agreement, from defendants, which provided that from year to year, defendants would permit the use of Aqua Dale Drive in exchange for plaintiffs' payment of $50 per month. Id. In October 1996, plaintiffs stopped paying pursuant to the agreement, but defendants still permitted plaintiffs to use the lane. Id.
In 1998, plaintiffs filed an action to quiet title, seeking a declaratory judgment that the plaintiffs had an easement by prescription for the use of Aqua Dale Drive. Id. Defendants filed a counterclaim for $300 to compensate them for the payment owed under the contract for one-half of the last year and for a permanent injunction prohibiting plaintiffs from using Aqua Dale Drive. Id. Following a bench trial, the court concluded that plaintiffs had not secured an implied easement by prescription or an easement by necessity, estoppel or adverse possession.Id. at 2. The trial court, in addition to other relief, ordered plaintiffs to pay defendants $2,400 pursuant to their agreement and $50 per month for every month plaintiffs use the lane in the future. Id.
On appeal, plaintiffs argued they were entitled to an easement by necessity. The Ninth District Court of Appeals made the following conclusions:
 * * *[T]he [plaintiffs] attempted to show that the parties' respective properties had a common owner in the early 1800's. However, it is undisputed that the [plaintiffs'] land did not become landlocked until 1942, when John Wenhart, the common owner of the [plaintiffs'] property and the adjoining property to their west, subdivided his property. Wenhart never owned either the main portion of [defendants'] property or the lane. Thus, there was no evidence before the trial court to support any finding of an easement of necessity, which is a legal convention, not a statement of physical fact. In short, `[t]here was no severance of title where one parcel was necessary or beneficial to another parcel. Therefore, there can be no implied easement herein.' Kamenar RR. Salvage, Inc. v. Ohio Edison Co. (1992), 79 Ohio App.3d 685, 690. Id. at 5.
The Court of Appeals further held that:
 It is clear from the evidence below that John Wenhart was not the owner of [defendants'] property in 1942 and therefore no easement by necessity exists to burden [defendants'] property. The [plaintiffs'] assertion of physical necessity to use [defendants'] lane does not create an easement by necessity, where Wenhart did not own [defendants'] land at the time Wenhart created landlocked property. Id. at 5.
Based upon the reasoning contained in the Beaver case, because Ida Moore only owned appellants' 45.01 acre tract of land at the time of the severance and did not own appellants' remaining 87 acres now encumbered by the easement, there can be no implied easement by necessity. We further find appellees are not entitled to an easement by necessity because the severance of the two properties, in 1942, did not create the need for an easement by necessity and because appellants did not own the 105.85 acre tract in 1965 when it became landlocked.
Appellants' Second Assignment of Error is sustained.
Although we have concluded in appellants' First and Second Assignments of Error that appellees are not entitled to an easement by necessity, the law favors the free use of property by the owner. Mahrt v. First Churchof Christ, Scientist (C.P.1955), 75 Ohio Law abs. 5, 22. As such, we remand this matter, to the trial court, for the court to interpret the scope of the agreement entered into on January 23, 1980. The agreement refers to the creation of an easement for the purpose of hauling timber to market and drilling gas wells, the agreement also contains language that arguably is broader than this limited purpose. Should the trial court determine that the agreement is limited in its scope, appellees only other option is to purchase property from surrounding property owners to gain access to their property.
 III
In their Third Assignment of Error, appellants contend the trial court erred in finding an easement by necessity which resulted in an unconstitutional and unlawful taking of their property, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution, without just compensation. We will not address this assignment of error as it is moot based upon our disposition of appellants' First and Second Assignments of Error. Further, the record indicates appellants did not raise this issue at the trial court level and therefore, have waived it. See Danis ClarkcoLandfill Co. v. Clark Cty. Solid Waste Mgmt. Dist. (1995),73 Ohio St.3d 590, 598.
Appellants' Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(3), appellees shall pay costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] Ida Moore was not a relative of Appellees James and Jennifer Moore.