[Cite as *Blanton v. Eskridge*, 2017-Ohio-8991.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| GORDAN BLANTON, et al., | : | |
| | : | Case No. 16CA3783 |
| Plaintiffs-Appellees, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| GLENN ESKRIDGE, et al., | : | |
| | : | |
| Defendants-Appellants. | : | **Released: 12/11/17** |

_____
APPEARANCES:

T. Kevin Blume, The Blume Law Firm, Wheelersburg, Ohio, for Appellants.

Robert R. Dever, Bannon, Howland & Dever Co., L.P.A., Portsmouth, Ohio, for Appellees.
_____

Per Curiam.

{¶1} Glenn and Donita Eskridge appeal from the trial court's judgment finding that Appellees, Gordan and Sandra Blanton, had established an easement of necessity over a portion of the land owned by the Eskridges. The Blanton and Eskridge properties are adjacent to one another and are bordered on the west by State Route 52. The property currently owned by the Blantons became landlocked in the 1960's when the State of Ohio appropriated approximately eight acres from the Blantons' predecessors in interest and built a new limited access highway. On appeal,

Appellants contend the trial court erred in finding that Appellees had established an easement by necessity over their real property. Because we conclude that Appellees failed to prove all of the required elements necessary to establish an easement of necessity, Appellants' sole assignment of error is sustained. Accordingly, the judgment of the trial court is reversed.

## FACTS

{¶2} Appellees, Gordan and Sandra Blanton, filed an amended complaint on December 9, 2015 claiming easements by both prescription and necessity over a portion of land owned by Appellants, Glenn and Donita Eskridge. Appellees and Appellants have property adjacent to one another and both of their properties border on the west what is now U.S. Route 52, which is a limited access highway that was constructed by the State of Ohio in 1962. At the time the limited access highway was constructed, Appellees' property was owned by Roy and Lula Ison. The record indicates that the State of Ohio commenced appropriation proceedings against the Isons and ultimately took approximately eight acres of their property for the construction of the limited access highway. The Isons were compensated approximately $2,000.00 for the land taken, and were compensated an additional $12,900.00 for damage to the residue of their property.

Thereafter, the property was transferred to Orville and Glenna Ison, who sold the property to Appellees on December 2, 2011.

{¶3} Less than a year after Appellees purchased the property, Appellants, through counsel, sent Appellees a cease and desist letter, ordering Appellees to cease entering their property through Appellants' property. The record reflects Appellees had been entering their property through a strip of land on the western border of Appellants' property which runs parallel to the limited access highway. It is this strip of land which Appellees claim they have an easement, and which they contend consists of an old roadbed historically used by their predecessors in interest to access their land.

{¶4} The matter was tried to the court on July 22 and September 7, 2016. Appellee Gordan Blanton testified, along with other residents of the area, including Bill Waddell and Kenny Dyer. Appellee's brother Bob Blanton also testified. Most of the testimony that was offered related to the alleged existence of an old roadway Appellees claimed ran over Appellants' property. The witnesses all also testified that the only way to access Appellees' property was to cross Appellants' property. Appellants presented witnesses as well, including Appellant Glenn Eskridge and licensed surveyor, Loren Purdom. Appellants introduced testimony and exhibits

through Mr. Purdom indicating that the alleged roadway claimed to exist by Appellees over Appellants' property does not exist and never existed according to various maps and aerial photos ranging from 1930 to 2011, and that the only access to Appellees' property was taken by the State of Ohio during construction of the limited access highway in 1962.  Appellants also introduced testimony related to an easement they recently granted to Scioto Water, Inc., to install a water line in the area in which Appellees' claim their easement is located.

{¶5}  In their post-trial brief filed with the trial court, Appellees abandoned their argument that they had established a prescriptive easement and instead only claimed they had established an easement of necessity over the land of Appellants, by virtue of their landlocked status.  The trial court ultimately agreed with Appellees, and granted judgment in favor of Appellees.  In its entry, the trial court found as follows:

> "The Court finds it's necessary that there be an easement of necessity over the land owned by the Eskridges.  When Mr. Eskridge bought his land, it was reasonably foreseeable that there would be some access across his land for ingress and egress."

It is from this order that Appellants now bring their timely appeal, setting forth one assignment of error for our review.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN FINDING THAT THE
        BLANTON'S [SIC] HAD ESTABLISHED AN EASEMENT BY
        NECESSITY OVER THE ESKRIDGE'S REAL PROPERTY."

LEGAL ANALYSIS

{¶6} In their sole assignment of error, Appellants contend the trial court erred in finding that Appellees had established an easement by necessity over Appellants' real property. Specifically, Appellants argue that the trial court made no factual findings to support the claim of an easement by necessity and that Appellees failed to establish all the elements necessary to establish an easement by necessity, most importantly the first element, which requires severance of unity of ownership. We agree.

{¶7} The plaintiff bears the burden of proving an easement by clear and convincing evidence. *See Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, 896 N.E.2d 748, ¶ 55; *Vance v. Roa*, 4th Dist. Lawrence No. 99CA23, 2000 WL 1283075 (Sept. 7, 2000). "Clear and convincing evidence" is evidence that will produce in the factfinder's mind a firm belief or conviction as to the facts sought to be established. *State v. Eppinger*, 91 Ohio St.3d 158, 164, 743 N.E.2d 881 (2001); *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). It is considered a higher degree of proof than a mere preponderance of the evidence, the standard generally

used in civil cases, but it is less stringent than the "beyond a reasonable doubt" standard used in criminal trials. The standard of review for weight-of-the-evidence issues, even where the burden of proof is clear and convincing evidence, retains its focus upon the existence of "some competent, credible evidence." *Id*. at 74.

{¶8} As set forth above, Appellees' complaint and amended complaint both alleged they had acquired a prescriptive easement as well as an easement by necessity over Appellants' land. However, in their post-trial brief submitted to the trial court, it appears Appellees abandoned their claim of a prescriptive easement and instead only alleged they had established an easement of necessity. The trial court found Appellees had established an easement of necessity and made no findings regarding a prescriptive easement. Likewise, on appeal, Appellees simply contend they possess an easement of necessity and make no argument related to a prescriptive easement. As such, we limit our analysis to the question of whether Appellees established the elements required for an easement of necessity.

{¶9} As this Court explained in *Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶ 22, "[a]n easement is an interest in the land of another that entitles the owner of the easement to a limited use of the land in which the interest exists." Citing *Parrett v. Penn*

*Cent. Corp.*, 4th Dist. Pickaway No. 86CA17, 1987 WL 14754 (July 27, 1987); citing *Szaraz v. Consol. RR. Corp.*, 10 Ohio App.3d 89, 460 N.E.2d 1133 (9th Dist.1983). Easements may be created by specific grant, prescription, or by implication that may arise from the particular set of facts and circumstances. *Fitzpatrick* at ¶ 22; citing *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles*, 15 Ohio St.3d 79, 80, 472 N.E.2d 711 (1984); citing *Yeager v. Tuning*, 79 Ohio St. 121, 86 N.E. 657 (1908); *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930); and *Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950).

{¶10} Appellees' claim they possess an easement of necessity over Appellants' land. An easement of necessity is an "implied grant." *Scrivner v. Lore*, 4th Dist. Scioto No. 98CA2568, 1999 WL 253551, *4. " 'An implied easement or way of necessity is based upon the theory that without it the grantor or grantee, as the case may be, cannot make use of his land.' " *Palmer* at ¶ 35; quoting 17 American Jurisprudence 961, Section 48; *Trattar v. Rausch*, 154 Ohio St. 286, 293, 95 N.E.2d 685 (1950). However, " '[e]asements implied of necessity are not favored because, like implied easements generally, they are "in derogation of the rule that written instruments shall speak for themselves." ' " *Palmer* at ¶ 35; quoting *Tiller v. Hinton*, 19 Ohio St.3d 66, 69, 482 N.E.2d 946 (1985); quoting *Ciski v.*

*Wentworth, supra,* at paragraph one of the syllabus.  Further, as we observed in *Palmer*, it has been stated that " 'necessity does not itself create a right of way, but is said to furnish evidence of the grantor's intention to convey a right of way and, therefore, raises an implication of grant.' " *Palmer* at ¶ 35; quoting American Jurisprudence and *Trattar, supra.*

{¶11}  "[S]tringent requirements must be met before an encumbrance upon land will be implied." *Tiller* at 70–71.  In order to establish an easement of necessity, Appellees were required to present clear and convincing evidence on each of the following elements: "(1) that there is a severance of the unity of ownership in an estate, (2) that before the separation takes place, the use that gives rise to the easement must have been so long continued and obvious or manifest as to show that it was meant to be permanent, (3) that the easement is [strictly] necessary to the beneficial enjoyment of the land granted or retained, and (4) that the servitude is continuous as distinguished from a temporary or occasional use only." *Cadwallader v. Scovanner, supra,* at ¶ 15; citing *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles, supra*; *see also Tiller* at 69; *Trattar* at paragraph eight of the syllabus; *Ciski* at the syllabus; *Vance v. Roa, supra.* (stating easements that arise from necessity require a plaintiff to

prove "[c]ommon ownership of both the dominant and servient estate[s]").[1]

Further, "[i]t is a well settled rule that a use must be continuous, apparent,

permanent and necessary to be the basis of an implied easement upon the

severance of the ownership of an estate." *Trattar* at 292.

{¶12} With regard to the severance of the unity of ownership

element, or unity of title requirement as it is also referred, this Court has

noted as follows in *Watson v. Neff*, 4th Dist. Jackson No. 08CA12, 2009-

Ohio-2062, ¶ 14:

> "The unity of title requirement accords with the principles of
> implied easements. Implied easements are easements read into a
> deed. 'An implied easement is based upon the theory that
> whenever one conveys property he includes in the conveyance
> whatever is necessary for its beneficial use and enjoyment and
> retains whatever is necessary for the use and enjoyment of the
> land retained.' *Trattar, supra,* at 291, 95 N.E.2d 685. In other
> words, implied easements are those easements that a reasonable
> grantor and grantee would have expected in the conveyance,
> and a court will read the implied easement into a deed where
> the elements of that implied easement exist. However, if there is
> no unity of title, there is no grantor who may give an easement
> to the grantee. It does not matter whether a reasonable grantor
> would have conveyed an easement or a reasonable grantee
> would have expected to receive an easement. A grantor simply
> cannot convey what is not possessed."

In fact, it has been said that " '[p]rior unity of ownership of both the

dominant and servient estate is the *sine qua non* for establishing an easement

---

[1] We note that the trial court did not apply this test, or any test, in its determination that Appellees had established an easement of necessity over Appellants' property.

by necessity.' " *Moore v. Lighthizer*, 5th Dist. Muskingham No. 01CA8, 2001-Ohio-1909, *2; citing *Scrivner v. Lore, supra,* at *4.  Ultimately, in *Watson*, this Court chose "to follow the longstanding requirement that we stated in *Vance*[,]" which held "that a plaintiff must prove unity of title to establish an easement by necessity." *Watson* at ¶ 15.

{¶13}  Here, Appellees presented no evidence of unity of title between their property and Appellants' property.  The only comment Appellees made with regard to the chain of title is that both Appellants' and Appellees' property originated from the French Grant.[2]  On the other hand, Appellants introduced chains of title for each property demonstrating no common ownership of the properties as far back as 1930.  Further, Appellants presented the testimony of Loren Purdom, a land surveyor licensed in the State of Ohio, who stated that there was no unity of title between Appellants' and Appellees' properties.  Thus, Appellees presented no evidence proving the first element required in order to establish an easement of necessity.

{¶14}  Further, assuming arguendo that both properties originating as part of the French Grant somehow satisfies the unity of title requirement, which Appellees subtly imply but do not even expressly argue, there is no

---

[2] "The French Grant was one of the many land divisions established in the late eighteenth century in what is now Ohio." www.ohiohistorycentral.org.

evidence that the Blantons' property was landlocked at the time it was originally subdivided out of the French Grant. Instead, evidence produced at trial demonstrates the opposite, revealing that Blanton's predecessor's in interest enjoyed direct access to their property via State Route 52, prior to the construction of limited access U.S. Route 52. A similar situation was before the court in *Moore v. Lighthizer, supra,* and we find it to be instruction as applied to the facts presently before us.

{¶15} At the time original tracts in *Moore* were split, the property at issue was not landlocked. *Id.* at *1. However, when the State of Ohio built Interstate 70 in 1965, the property became landlocked. Based upon these facts, and finding that at least a portion of the property at issue did share unity of title with another property in which an easement was sought across, the *Moore* court found that the "strict necessity" required to justify creation of an easement of necessity must exist at the time the severance of the original tract occurs." *Id*. at *4. Otherwise, as the court stated, "a landowner's property may become subject to an easement by necessity, at any time, and not as the result of the current property owner's actions." *Id.*

{¶16} Here, there is no evidence of unity of title between Appellants' and Appellees' properties. Further, if tracing the properties at issue back to the French Grant satisfies the unity of title element, there is evidence that

Appellees' property did not become landlocked until 1962 when the State of Ohio appropriated a portion of Appellees' predecessor's property for construction of the new limited access U.S. Route 52 highway.  It appears this was not a problem at first, as apparently the neighboring property owners must have allowed some access through their property.  However, when the current parties came into possession of the properties, access was denied by Appellees.

{¶17}  This Court was presented with nearly identical facts in *Watson v. Neff, supra.*  In that case, Watson's property became landlocked as a result of the State of Ohio appropriating land from Watson's predecessor in interest in order to change U.S. Route 35 to a limited access highway. *Watson* at ¶ 3.  The State paid Watson's predecessor for the limitation of access to his property.[3] *Id.*  When Watson came into possession of the property he attempted to claim an easement by necessity over land owned by Neff.  The trial court, however, found in favor of the Neffs. *Id*. at ¶ 5.  This Court affirmed the decision of the trial court on appeal, holding "that a plaintiff must prove unity of title to establish an easement by necessity." *Id.* at ¶ 15.  In reaching our decision, we reasoned that "[n]either the State of

[3] As set forth above, Appellants introduced evidence at trial demonstrating that Appellees' predecessors in interest were also compensated by the State of Ohio when the limited access highway was built.  Records introduced into evidence showed that Appellees' predecessors, the Isons, were paid approximately $2,000.00 for the approximate eight acres that were actually taken for purposes of the highway construction, and were also paid an additional $12,900.00 for damage to the residue of their property.

Ohio nor Watson's predecessor in interest could have conveyed the easement because they never possessed the part of Neff's land in question." *Id.* at ¶ 17 (noting that "the State clearly did not intent to grant an easement through the land it had appropriated because the State compensated Watson's predecessor in interest for the lack of access.").

{¶18} The facts in *Watson* are similar to the facts in *Moore, supra,* with respect to property becoming landlocked, not as a result of severing one parcel into two estates, but because of the State appropriating property for the construction of limited access highways. The *Moore* court held "the 'strict necessity' needed to justify the creation of an easement by necessity must exist at the time severance occurs[,]" and noted that no such strict necessity existed at the time of severance, but rather the necessity arose when the State appropriated a portion of Moore's property at a later date. *Moore* at *4. Such was the case in *Watson* and *Moore*, and such is the case here. "Where the land becomes landlocked as a result of the State of Ohio's appropriation of land, no such easement by necessity exists '[b]ecause an easement that arises from necessity requires a plaintiff to prove common ownership of the dominant and servient estates.' " Baldwin's Oh. Prac. Real Est. Section 26:11 Easements-Creation-Necessity (March 2017); quoting *Watson, supra.*

{¶19} At this point, we simultaneously note, and reject, Appellees' assertion that the *Cadwallader* case stands for the proposition that "no one can really be landlocked in the State of Ohio." Appellees misstate the holding *Cadwallader*, and the above-cited cases directly refute such a proposition. We further reject Appellees' contention that Appellants have acknowledged there is a roadway and an easement by putting up a gate. This argument distorts the evidence introduced at trial, which established that the gate was installed by Scioto Water, Inc. at the entrance to their water line easement, which runs over Appellants' property along the same route Appellees claim an easement of necessity.

{¶20} Based upon the foregoing, and applying the reasoning set forth in both *Watson* and *Moore*, we hold that Appellees have not proven, by clear and convincing evidence, the first element required in order to establish an easement by necessity, which is severance of unity of ownership, or unity of title. Aside from merely referencing that the properties at issue originated with the French Grant, Appellees presented no evidence to show common ownership of the properties at issue at any point. Further, as set forth above, assuming arguendo that the properties' origination from the French Grant does, in some manner, satisfy the unity of title element, Appellees have failed to demonstrate that there was strict necessity for an easement at the

time the properties were initially severed, or subdivided. Instead, the record reflects that the Blanton's predecessors in interest had access to their property until 1962 when the State appropriated a portion of property for construction of a limited access highway. Thus, even if it could be argued unity of title was proven, the need for an easement by necessity did not exist at the time of severance.

{¶21} Because Appellees have failed to satisfy the first element required to establish an easement of necessity, we need not address the remaining elements, including whether Appellees might have other access to the property via another route. As such, we conclude the trial court erred in finding that Appellees had established an easement of necessity over Appellants' property. Accordingly, Appellants' sole assignment of error is sustained and the judgment of the trial court is reversed.

**JUDGMENT REVERSED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED and that Appellants recover costs from Appellees.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., Abele, J., & McFarland, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
William H. Harsha, Judge

BY: _____
Peter B. Abele, Judge

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**