[Cite as *Good Knight Properties, L.L.C. v. Hawthorne Hills, L.L.C.*, 2019-Ohio-428.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Good Knight Properties, LLC              Court of Appeals No. L-18-1163

     Appellant              Trial Court No. CI0201703090

v.

Hawthorne Hills, LLC              **DECISION AND JUDGMENT**

     Appellee              Decided:  February 8, 2019

* * * * *

Mark A. Davis, for appellant.

Howard B. Hershman, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Good Knight Properties, LLC, appeals from the July 13, 2018 judgment of the Lucas County Court of Common Pleas, where summary judgment was granted to appellee, Hawthorne Hills, LLC.  Finding no error, we affirm.

## Assignments of Error

1. The Trial Court Erred By Finding Permissive Use of a Shared Driveway.

2. The Trial Court Erred By Failing To Find a Period of 21 Years.

3. The Trial Court Erred in Failing to Find a Prescriptive Easement.

4. The Trial Court Erred By Failing to Find an Easement by Necessity.

## Background

{¶ 2} The parties own adjacent apartment buildings. Appellant owns 5410 Heatherdowns, and appellee owns 5416 Heatherdowns, in Toledo, Ohio.

{¶ 3} Both properties were once owned by Wallace Johnson Homes, Inc., before being sold to two different owners in 1977 and 1978.

{¶ 4} In October 1994, Rick Nowak became interested in the property located at 5410 Heatherdowns and, on January 1995, he purchased it.

{¶ 5} At this time, the buildings had a shared driveway. Tenants and other traffic used the driveway for ingress and egress to Heatherdowns Boulevard, which boarders the southern end of the properties. Although the driveway was shared, there is no dispute that the invisible property line separating the properties divided the driveway down the middle.

{¶ 6} Nowak testified by affidavit that he never sought or received permission from the owner(s) of 5416 Heatherdowns for the shared use, and that he was aware that

shared use of the driveway happened before he purchased 5410 Heatherdowns in 1995. Nowak stated that his parents lived in the area, and that was why he was familiar with the shared use.

{¶ 7} In May 2004, Nowak sold 5410 Heatherdowns to appellant. Appellant is a limited liability company (LLC) managed by sole member Mark Davis. Davis testified by affidavit that shared use of the driveway continued without protest by owner(s) of 5416 Heatherdowns. That is, until October 2015, when appellee placed concrete blocks along the property line to divide the driveway.

{¶ 8} Appellee purchased 5416 Heatherdowns in February 2015, from Karen Baith. Baith confirmed, in her deposition, that she and her husband purchased the property in 2002, that there was no barrier separating the driveway, that the driveway was always shared, and that there was never permission or agreement to allow use of the driveway.

{¶ 9} On October 22, 2015, appellant filed its complaint under a theory of adverse possession, seeking removal of the concrete block barrier placed by appellee. Appellant, however, dismissed the complaint without prejudice on June 19, 2017.

{¶ 10} Appellant refiled its complaint on June 20, 2017, seeking (Count 1) declaratory judgment under a theory of easement to force appellee to allow access to the shared driveway, and for (Count 2) trespass against appellee.

3.

**{¶ 11}** On December 1, 2017, appellant filed for summary judgment and, on March 14, 2018, appellee filed a cross-motion for summary judgment. The trial court denied appellant's motion, but granted appellee's cross-motion on July 5, 2018.

**{¶ 12}** Although the second count of trespass was still pending, the parties stipulated to dismissing that count thereby allowing the court to enter a final, appealable order. This allowed the easement issue in Count 1 to be appealed, and the entry was journalized on July 13, 2018. Appellant timely appeals from that judgment.

### Standard of Review

**{¶ 13}** When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996 Ohio 336, 671 N.E.2d 241 (1996). Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

**Assignments of Error Nos. 1, 2 and 3**

{¶ 14} In his first, second, and third assigned errors, appellant asserts the trial court committed reversible error by failing to find that evidentiary material in the record supported the elements of a prescriptive easement. Appellee contends appellant failed to show evidentiary material supports the adverse and continuous for 21 years elements, and thus that appellant failed to meet its reciprocal burden when responding to appellee's cross-motion for summary judgment.

{¶ 15} "An easement is a right, without profit, created by grant or prescription, which the owner of one estate, called the dominant estate, may exercise in or over the estate of another, called the servient estate, for the benefit of the former." *Martin v. Yheulon*, 6th Dist. Ottawa No. OT-08-048, 2009-Ohio-2606, ¶ 16, citing *Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950), paragraph one of the syllabus.

{¶ 16} "Easements may be created by express or implied grant or by prescription." *Id.*, citing *Trattar* at paragraph two of the syllabus. "Prescriptive easements are not favored in law because they deprive the legal property owner of rights without compensation." *Id.* at ¶ 17, citing *Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, ¶ 55, 896 N.E.2d 748 (12th Dist.). One who claims an easement by prescription has the burden of proving by clear and convincing evidence all the elements essential to the establishment thereof. *McInnish v. Sibit*, 114 Ohio App. 490, 495, 183 N.E.2d 237 (9th Dist.1953).

5.

{¶ 17} "One obtains a prescriptive easement for a specific use of another's property when he or she uses that property in such a manner, * * * (a) openly, (b) notoriously, (c) adversely to the neighbor's property rights, (d) continuously, and (e) for at least twenty-one years." *Martin* at ¶ 17, citing *J.F. Gioia, Inc. v. Cardinal American Corp.*, 23 Ohio App.3d 33, 36-37, 491 N.E.2d 325 (8th Dist.1985). "As to the requirement that the use be continuous for a twenty-one year period in order to establish a prescriptive easement, it is well settled that an individual may 'tack' his adverse use with the adverse use of his predecessors in order to meet this requirement." *Id*. "In order to tack the adverse uses of one's predecessors, it must be established that the party and his predecessors are in privity; the property was sequentially and continuously used; the property was used in the same or similar manner; and the use was open, notorious and adverse to the title holder's interest." *Id*., citing *Willett v. Felger*, 7th Dist. Columbiana No. 96CO40, 1999 Ohio App. LEXIS 1465 (Mar. 29, 1999).

{¶ 18} In this case, appellant argues that it, its tenants, and its predecessors in interest, used the shared driveway adverse to appellee's interest for 21 years. "For a prescriptive easement to mature, the adverse use of the land must be continuous and effectively uninterrupted for the full 21 years." *Id*., citing 1 Restatement of Law, Property -- Servitudes, at 280, Section 2.17, Comment j.

{¶ 19} Appellee, contrarily, argues the record is devoid of evidentiary material to support the 21-year period. Appellee notes that appellant must rely on an affidavit of Rick Nowak, to show 21 years of uninterrupted, adverse use. Nowak was appellant's

6.

immediate predecessor in interest, and he allegedly owned appellant's property between January 1995, and May 2004.

{¶ 20} It is undisputed, as both parties concede on appeal, that on October 16, 2015, appellee placed concrete blocks down the center of the shared driveway. For purposes of our analysis we find this was the date of interruption, as appellant correctly tacks its adverse use to Nowak's dating back to 1995.

{¶ 21} Appellant, therefore, is to demonstrate with evidentiary quality material that its tacking of Nowak's alleged uninterrupted adverse use dates back before October 16, 1994. Appellee argues appellant does not demonstrate such facts with evidentiary quality material, and we agree.

{¶ 22} Particularly, we find appellant relies on Nowak's affidavit to demonstrate the uninterrupted, adverse use for 21 years. However, our review of Nowak's affidavit reveals no such support. The affidavit, in pertinent part, states as follows:

> 2. On or about January 19, 1995, I entered into a land contract to purchase 5410 Heatherdowns (copy attached). It is normally my practice to find properties that I am interested in and consider the value of purchasing the property. I recall, as to 5410 Heatherdowns, that the owners did not want to sell it initially, so we discussed purchasing the property and negotiating a price for several months back and forth. Although that was a long time ago, and I do not recall the exact date, I believe that I first

7.

became interested in the property around October, 1994. In addition, my parents lived nearby so I was familiar with the area even before then.

3. I lived on the property for a period of time and I am very familiar with the property during the time that I owned it. I am also familiar with the property during the negotiations prior to my purchase.

4. During this time, I did not see any concrete blocks or other barriers dividing the driveways between 5410 Heatherdowns and 5416 Heatherdowns.

5. Since there was no barrier, or division, of the drives, cars from tenants, and myself, would openly cross back and forth between the two drives, particularly when cars were coming in and out at the same time. This occurred on an everyday basis.

6. The use of both drives had been openly visible and common knowledge. No one needed to ask permission, it was just done.

7. I sold 5410 Heatherdowns to Mark Davis [sole member of appellant] in May, 2004 and was not aware of any issue with the driveways to either property at that time or I would have disclosed it.

{¶ 23} Appellant argues that because its predecessor openly, notoriously, continuously, and adversely used (and knew of others' use of) the driveway, since "October, 1994," that it has shown the requisite 21 years to claim a right by prescription. Appellant's argument focuses on paragraph two and three of Nowak's affidavit. The

8.

logical deduction being that Nowak's offered personal knowledge of the driveway use, as exhibited in his affidavit, provides at a minimum a question of fact as to whether appellant has produced evidentiary material showing 21 years of use.

{¶ 24} Even being construed strongly in favor of appellant, we cannot say that Nowak's affidavit suffices to place a material fact at issue for trial. More specifically, we find Nowak's statements are too vague to place in dispute whether the essential element of 21 years of use was met.

{¶ 25} Accordingly, appellant's second and third assigned errors are not well-taken. We find appellant's first assigned error disposed of because the failure to show a 21-year period of use renders it moot pursuant to App.R. 12(A).

**Assignment of Error No. 4**

{¶ 26} In the fourth assigned error, appellant argues the trial court committed reversible error by failing to find that evidentiary material in the record supported the elements of an easement by necessity. Appellee contends appellant did not plead this cause of action below until summary judgment, and that the court properly disposed of the issue because appellant still had access to and from his land without the easement.

{¶ 27} We first note that Ohio's pleading standard, under Civ.R. 8, is one in which a party generally need not plead more than a short, plain statement of facts showing the party is entitled to relief. *See* Civ.R. 8; *see also David v. Matter*, 2017-Ohio-7351, 96 N.E.3d 1012, ¶ 22 (6th Dist.). Consequently, we reject appellee's contention that because

9.

appellant did not explicitly state "easement by necessity" in its complaint, that it is precluded from arguing the issue below and now on appeal.

{¶ 28} "An implied easement is based upon the theory that whenever one conveys property, he or she includes in the conveyance whatever is necessary for its beneficial use and enjoyment and retains whatever is necessary for the use and enjoyment of the land retained." *See Safran Family Trust v. Hughes Property Mgt.*, 2018-Ohio-438, 105 N.E.3d 652 (6th Dist.), citing *Arkes v. Gregg*, 10th Dist. Franklin No. 05AP-202, 2005-Ohio-6369, ¶ 11. "Implied easements are not favored in the law, 'being in derogation of the rule that written instruments shall speak for themselves.'" *Id.*, citing *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930), paragraph one of the syllabus.

{¶ 29} To establish an easement by necessity, the party must present clear and convincing evidence on each of the following elements: (1) that there is a severance of the unity of ownership in an estate, (2) that before the separation takes place, the use that gives rise to the easement must have been so long continued and obvious or manifest as to show that it was meant to be permanent, (3) that the easement is *strictly* necessary to the beneficial enjoyment of the land granted or retained, and (4) that the servitude is continuous as distinguished from a temporary or occasional use only. *See Safran* at ¶ 16.

{¶ 30} Here, appellant argues three arguments to support the fourth assignment of error.

{¶ 31} First, appellant argues the trial court erred by not ruling on the issue of an easement by necessity. However, in footnote six of the trial court judgment the court

10.

addresses the issue, citing *Fitzpatrick v. Palmer*, 186 Ohio App.3d 80, 2009-Ohio-6008, 926 N.E.2d 651 (4th Dist.), and stating: "Plaintiff also claims it is entitled to an easement by necessity. However, an easement by necessity is only granted where a property owner cannot make use of his land without an easement of the servient land."

{¶ 32} On appeal, appellant concedes that it still has access to its property from its part of what was the shared driveway. Thus, we cannot say that appellant has satisfied the third element to establish an easement by necessity, which requires that the easement is "strictly necessary to the beneficial enjoyment of the land granted or retained." *Safran*.

{¶ 33} Appellant also argues that necessity arises because the blocks prevent utility and trash removal trucks from accessing the rear. We note the trial court also addressed this issue in its judgment at footnote seven. Like the court below, we find appellant cites no case law to support this assertion. And to the contrary, we find Ohio law has long recognized that "[a]n easement in the form of a way of necessity will not be implied, where there is available another way of ingress and egress to and from the land involved, even though such other way is less convenient and would necessitate the expenditure of an appreciable amount of labor and money to render it serviceable." *Trattar*, 154 Ohio St. 286, 95 N.E.2d 685, at paragraph eight of the syllabus.

{¶ 34} Consequently, and based on our review of the record, we cannot say appellant has established an easement by necessity.

{¶ 35} Accordingly, we find appellant's fourth assigned error is not well-taken.

**Conclusion**

**{¶ 36}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                _____
                                                                    JUDGE

Thomas J. Osowik, J.                            _____

Christine E. Mayle, P.J.                        JUDGE
CONCUR.

                                                                 _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.